JAMES RACKLIFFE, Plaintiff in Error, v. A. R. SEAL et al., Defendants in Error.

*Conveyance—Mortgage—Mistake.*—A conveyance intended as a security for a debt will not be treated as a mortgage in a court of law, unless the land be conveyed to the creditor upon condition.. A deed between A. and B. by which A. upon a consideration received from B. conveys to A. (himself) real estate, to be void upon payment of a debt due by A. to B., cannot be foreclosed as a mortgage in a court of law, although in a court of equity, upon proper allegations of mistake, the deed might be reformed and the equity of redemption foreclosed.

*Error to Hannibal Court of Common Pleas.*

*S. S. Allen,* for defendants in error.

I. The mistake on the face of the mortgage being clear, and the mortgage itself also showing beyond all doubt to whom the lot was intended to be conveyed, so that no one could be misled or deceived thereby, it was the manifest duty of the court below to disregard the mistake on the trial, and do substantial justice to the parties without delay. There is, therefore, no error in the court below in admitting the mortgage deed to be read in evidence. (1 & 2 Prest. on Abst. 62; 2 Prest. on Conv. 432–33 & 35; 3 & 4 Green's Crui. 308; 2 Vent. 141; Coles v. Hume, 5 East's, 115; 4 Adol. & El. 228; 23 Mo. 146; 15 Mo. 61; 1 John. Ch. 140; 2 Wash. on Real Prop. 566, §§ 28–31.)

*E. B. Ewing* and *Harrison,* for plaintiff in error.

I. The defendant Ogle was a proper party. He was a subsequent encumbrancer; he had an interest in the mortgage property. (2 R. C. 1855, " Mortgage," §§ 6 & 7.).

II. The paper read in evidence by the plaintiff's counsel was not a deed to the plaintiff; there was no grant to him.

III. This was a proceeding to foreclose a mortgage under the statute, and is a proceeding at law, and is not governed by the rules of proceedings in equity. (Thayer v. Campbell, 9 Mo. 280.)

If there was a mistake in the mortgage read in evidence by plaintiff, it could only be corrected upon such averments and such a state of facts as would have entitled him to relief under the old form of proceedings. The code (although it has abolished distinctions between legal and equitable actions) does not dispense with this. (Maguire v. Vice, 20 Mo. 431.)

LOVELACE, Judge, delivered the opinion of the court.

This is an action to foreclose a mortgage. The plaintiff alleges that the mortgage was executed by A. R. Seal and wife to James Rackliffe. The mortgage deed begins by stating that it is made " by and between Amer R. Seal and Elizabeth J., his wife, of the first part, and James Rackliffe, of the second part; and after acknowledging the receipt of the consideration, it proceeds to grant, bargain and sell to the said *Seal*, his heirs and assigns, and the *habendum* is to have and hold, &c., to the said *Seal*, &c. The conditions then go on to recite certain notes due by Seal to Rackliffe, and says that the deed was intended to secure the payment of these notes, and provides that it shall become void upon the payment of the notes, but otherwise to remain in full force.

The defendant Ogle comes in and asked to be made a party defendant, setting up a deed of trust executed by Seal to himself for the same land described in the plaintiff's mortgage, and subsequent in date to the plaintiff's mortgage, and also denying the validity of the plaintiff's mortgage. The court below found for the plaintiff, and the case comes here by error.

The principal question presented to this court is, whether the instrument of writing relied on by the plaintiff had the effect to vest the title to the real estate therein described in the plaintiff for the purpose of securing his debt. If this was a mere matter of construction, where the real intention of the parties is to govern, it would seem that the court below was correct; for it seems very plain that the intention

of the parties was, that the legal title to the real estate in question should be vested in the plaintiff, for the purpose of securing the payment of his debt. But an instrument can only be construed where the language will admit of construction. Thus, to accommodate the evident intention of the parties, words will be construed with an unusual extent of meaning, and held to be *generic* rather than *specific;* as, for instance, men will be interpreted to mean mankind, and include women. (2 Pars. on Cont. 496.)

But a distinction is taken between construing a contract that admits of construction and correcting a mistake. Courts of law will construe a contract and give it that meaning which the parties intended it should have; provided such a construction can be put upon the contract without doing violence to the language used in the contract. But courts of law cannot correct the mistakes of the parties; as, for instance, in the case at bar, where they intended to use one word and used another. In such cases courts of equity, upon a bill filed for that purpose, will correct the mistake, and afterwards the instrument so corrected will be regarded as the contract made by the parties.

This perhaps might be done, and a decree had to sell the defendant's equity of redemption in the real estate in the same bill under our practice. But it would certainly require allegations as to the mistake, and a prayer to have the contract reformed, and the court ought to decree the correction before the judgment of foreclosure is allowed. This not having been done, the mortgage was improperly read in evidence against the objections of the defendant. It was not the instrument set out in the petition, and the variance was fatal.

The case is reversed and cause remanded. The other judges concur.