### John F. Murdock *et al.*, Respondents, *v.* C. Ganahl *et al.*, Appellants.

1. *Contracts, written — Parol testimony touching, when varying, improper.*— Parol testimony having a tendency to vary and impair written stipulations should be excluded. .

2. *Practice, civil — Judgment—Amendment of in General Term, when proper.* —When a verdict is based on conflicting testimony, a portion of which is improperly permitted to go to the jury to influence their determination, the only relief competent for the General Term to administer is to reverse the judgment of the court below and remand the case for a new trial. But where plaintiff, on the face of the papers, is entitled to the judgment awarded by the General Term, and the defense insisted on is a total failure, it would be warranted in proceeding to enter up such judgment as ought to have been rendered at Special Term. (See Sess. Acts 1869, p. 18, § 2.)

*Appeal from St. Louis Circuit Court.*

*L. D. Picot* and *T. T. Gantt*, for respondents.

*Woerner & Kehr*, for appellants.

Currier, Judge, delivered the opinion of the court.

This case shows that the plaintiffs, August 31, 1868, by a written lease, demised to the defendants certain premises for the term of two and a half years, the term commencing on the first day of September, 1868. It further appears, from a written memorandum, signed by the parties and indorsed on the lease, that the defendants, in consideration of certain alterations and

repairs agreed to be made by the lessors, "agreed to pay, for and during the term granted by the lease, the additional rent of $15 per month," thereby making the monthly aggregate of rent $115. On the 7th of December, the same year, the parties entered into a still further written stipulation, by which the defendants, for a valuable consideration, "disclaimed all cause of complaint respecting the manner and time of making said alterations, and (again) agreed to abide by all the agreements on the lessees' part contained in said lease and (first additional) agreement." This suit was brought January 4, 1869, to recover the rent for the previous month of December, the plaintiffs therein claiming $115. The defendants deny their liability for more than $100.

At the trial the defendants offered parol evidence in relation to facts and circumstances attending the original negotiation for the lease, and showing that the contemplated improvements were not completed till the last of November or first of December; that the defendants were injured by the delay, and also showing what was said and done respecting the rent for the months of October and November. This evidence was admitted over the plaintiffs' objections. The trial was by the court, and a judgment was rendered for the plaintiffs, but for a less sum than appeared to be due upon the face of the contracts. On appeal to General Term the judgment was reversed, and judgment was there entered for the plaintiffs for the $115 and accrued interest. The defendants bring the case here by appeal.

The admission of the parol evidence is sought to be defended upon the ground that it aided the construction of the written stipulations. It was shown by the defendants that the improvements provided for in the first written addition to the lease were completed on or before the first of December, and the stipulation of December 7th shows that the defendants, for a valuable consideration, waived "all cause of complaint" connected with the improvements, and re-affirmed their contract to pay $115 per month. Therefore neither the previous negotiations, nor the delay in making the improvements, nor the acts of the parties in relation to the prior rent, could have any proper influence in

Murdock et al. v. Ganahl et al.

determining the amount of the rent for December. Nor was there any ambiguity in the stipulation of December 7th to be explained. So far as any question here presented is concerned, that stipulation left nothing to construction. It clearly releases antecedent grounds of objection connected with the improvements, and positively re-affirms the defendant's liability to pay the $115 per month. So far as the parol testimony had any effect, its tendency was to vary and impair the force of the written stipulations. It should have been excluded, as the General Term correctly determined. But it is objected that the General Term had no power to modify the judgment in the manner stated; that the only relief competent for it to award was to reverse the judgment and remand the cause for a new trial. This would be so if there was anything further to try; as where a verdict is based on conflicting testimony, a portion of which was improperly permitted to go to the jury to influence their determination. But that is not this case. Here the plaintiffs, upon the face of the papers, were entitled to the judgment awarded by the General Term, and the defense insisted upon is a total failure. There is nothing whatever to support it. The whole case was before the General Term, and there was nothing further to try. It was warranted, therefore, in proceeding to enter up such judgment as ought to have been rendered at Special Term. Its authority to do so is ample. The statute (Sess. Acts 1869, p. 18, § 2) provides that "a judgment or decree rendered or made by said court at Special Term may be reversed, vacated, or modified at General Term for errors appearing in the record at Special Term, or presented by exceptions taken thereat;" and it is further provided that "said court may, at General Term, award a new trial, reverse or affirm the judgment rendered, or give such judgment as the court, at Special Term, ought to have given, as to them may seem agreeable to law." As the case was submitted to the court at Special Term, there can be no doubt that it ought to have disregarded the illegal evidence and rendered a judgment in conformity to the stipulations of the parties as evidenced by the written documents.

Judgment affirmed. The other judges concur.