Koehring v. Muemminghoff.

MARIA E. KOEHRING, BY HER TRUSTEE, JOHN R. MARTIN, Respondent, *vs.* GERHARDT MUEMMINGHOFF, Appellant.

| 61 | 403 |
|---|---|
| 33a | 372 |
| 61 | 403 |
| 42a | 214 |
| 61 | 403 |
| 46a | 534 |
| 61 | 403 |
| 61a | 35 |
| 61 | 403 |
| 63a | 178 |
| 61 | 403 |
| 68a | 452 |
| 61 | 403 |
| 88a | 139 |
| 61 | 403 |
| 93a | ²586 |

1. *Promissory notes—Agreement as to interest—When payment of not annual—Parol evidence to vary terms of note.*—Where a note by its terms was made payable in a given number of years, "with interest from date at the rate of eight per cent. per annum," *held*

1st. On the face of the instrument the interest was payable not annually, but at maturity of the note;

2d. The words used in reference to this point, were plain and capable of legal construction, and such being the case, parol evidence to contradict that construction would be improper.

3d. Where the note was secured by a mortgage, authorizing sale of the mortgaged property in default of payment of the note and interest as they became due, a sale of the property before maturity of the note, for non-payment of interest, would be void, at least as a foreclosure of the maker's right to redeem on payment of the debt and interest when they matured.

2. *Written Contracts—Intention gathered from instrument.*—A written instrument should be construed according to the intention of the parties; but when it is capable of interpretation, the intention will be gathered from its terms.

### *Appeal from Franklin Circuit Court.*

*J. C. Kiskaddon*, for Appellant, cited Bander vs. Bander, 7 Barb. 560; French vs. Kennedy, 7 Id., 452; Edw. Bills, 709; 1 Am. Lead. Cas., 614; Ferry vs. Ferry, 2 Cush., 92; Hastings vs. Wiswall, 8 Mass., 455; Greenleaf vs. Kellogg, 2 Mass., 568; Cooley vs. Rose, 3 Mass., 221; Bannister vs. Roberts, 35 Me., 75; Doe vs. Warren, 7 Greenl., 48; 1 Greenl. Ev., §§ 275, 278, 280; Murdock vs. Ganahl, 47 Mo., 135; Walker vs. Engler, 30 Mo. 130; Woodward vs. McGaugh, 8 Mo., 161; Massman vs. Halscher, 49 Mo., 87.

*John R. Martin*, for Respondent, cited 1 Greenl. Ev., 12th ed., §§ 282, 288.

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment brought in the Franklin circuit court to recover a tract or tracts of land in the petition described. The petition was in the usual form. The answer was a denial of the facts stated in the petition.

The trial was by the court, a jury having been waived by the parties. It was admitted by both parties that William

Kelso was the common source of title under which both parties claimed. The plaintiff on his part offered in evidence, which was read without objection, a deed by which the land in controversy was conveyed by William Kelso and wife to the defendant. This deed appears to have been executed on the fourth day of June, 1871.

The plaintiff next offered in evidence a deed, commonly called a deed of trust, bearing the same date of the deed previously read in evidence, by which the land in controversy was conveyed by the defendant and his wife to William Kelso in trust to secure the payment of a promissory note, executed by the defendant, by which he promised to pay to the order of J. H. Koehring the sum of three thousand three hundred dollars. The promissory note secured by the deed of trust is copied in the deed and reads as follows:

"$3,300.                    Washington, Mo., June 14, 1871.

Five years after date I promise to pay to the order of J. H. Koehring, thirty-three hundred dollars, for value received, negotiable and payable without defalcation or discount, with interest from date at the rate of eight per cent per annum.

Gerhard Muemminghoff."

After setting forth the note as above copied, the deed of trust proceeded to set forth the following condition upon which the conveyance was made, to-wit: "Now, if the said note be well and truly paid when the same shall become due and payable, according to the tenor and effect thereof, then this deed shall be void, and the property hereinbefore conveyed shall be released at the cost of the said parties of the first part; but should default be made in the payment of the said note, or any part thereof, or the interest that may accrue thereon or any part thereof, as the same shall become due and payable, then this deed shall remain in force, and the party of the second part," etc. The deed then proceeds to give the trustee power to sell by giving twenty days' notice, in form that is unobjectionable, and concludes in the usual form.

This deed was objected to by the defendant, for the reason that it appeared by said deed that no breach of the condition thereof had yet occurred. The court overruled the objection and admitted the deed in evidence, to which action exceptions were saved.

The plaintiff next offered in evidence a deed dated the 10th day of August, 1872, from Kelso, the trustee in the deed of trust read in evidence, to J. H. Koehring, plaintiff, as trustee for Maria E. Koehring, attempting to convey the land in question to said Koehring, under the power in the deed of trust. This deed was also objected to by the defendant, because it appeared that no breach had been made of the conditions in the deed of trust, and that the trustee in the deed of trust, therefore, had no power to sell the land named. This objection was also overruled, and the deed read, to which the defendant again excepted.

The plaintiff then introduced one Wilhelmi as a witness, who testified that he drew the deed of trust, and the note described therein; that the parties at the time informed him that interest was to be paid annually; that he understood that the words "per annum," used in the note, meant that the interest was to be paid every year; that he had so informed the parties to the note, and that they had assented to the drawing of the note in that language. The witness further stated that the words "per annum" mean every year, and that he had told the defendant at the time, that by the terms of the note the interest was payable every year; that he said it was all right.

The defendant, at the time objected to this oral evidence, on the ground that parol evidence was not admissible to vary or add to the note and mortgage read in evidence. This objection being also overruled, objections were again saved. The defendant introduced no evidence. There were several declarations of law given and several refused by the court, to which objection is made, but as they raised no questions of law not raised by the evidence, they will not be noticed. The court rendered a judgment for the plaintiff for the pos-

session of the land and damages. The defendant then made an unsuccessful motion for a new trial, and appealed to this court.

It will be seen from the foregoing statement of this case that the only questions to be considered by this court are, first, as to the proper construction to be given to the note secured by the deed of trust read in evidence; and second, whether oral evidence was properly received by the court, to assist in its proper construction?

The language of the note, so far as it is material to its proper construction as it affects this case, is: "Five years after date, I promise to pay to the order of J. H. Koehring, thirty-three hundred dollars, * * * with interest from date at the rate of eight per cent. per annum."

It is contended by the plaintiff that the language used is properly construed to be a promise by the defendant to pay the interest, on the sum secured by the note, annually, or if this is not the proper construction of the language of the note, then oral evidence was admissible to show that that was the understanding of the parties at the time, by the use of said language.

We do not agree with the plaintiff in either view of the question as taken by him. Whether the interest accruing on a promissory note should be paid annually, monthly, or at any other specified period, depends in each case upon the contract or agreement of the parties. There is no rule of law independent of any contract to that effect, requiring interest on promissory notes to be paid annually. (Bander vs. Bander, 7 Barb., 560, and cases cited.) In the note under consideration, the promise in the note was to pay the sum of money named, "with interest from date at the rate of eight per cent. per annum," five years after the date of the note. No different time is fixed for the payment of the interest from that fixed for the payment of the principal secured to become due by the note. In such a case both principal and interest become due at the same time; in fact the promise plainly is to pay the principal, with the interest, five years

after the date of the note. The words "with interest at the rate of eight per cent. per annum," only fix the rate of interest to be calculated on the note, and have nothing to do with the time that it shall be paid. (1st Am. Lead. Cas., 614; Cooper adm'r, vs. Wright, 3 Zab., 200, and the case in the 7th Barb. before cited.)

It almost necessarily follows, from what has already been said, that the second question raised in the case must also be settled in favor of the defendant. The rule of law, in reference to the admission of oral evidence to explain a promissory note or other written contract is, that the instrument should be construed according to the intention of the parties. To ascertain this intention, resort is first had to the language of the instrument, and if the language of the contract appears to be perfectly plain and capable of a legal construction, nothing dubious appearing upon the face of the contract, then the force and effect to be given to the contract must be determined by its terms, and oral evidence cannot, in such case, be heard to give the contract a different construction from that imported by its terms. To illustrate this rule, Mr. Greenleaf, in his work on Evidence, uses this language: "It is to be observed that the rule is directed only against the admission of any other evidence of the language employed by the parties in making the contract, than that which is furnished by the writing itself. The writing, it is true, may be read by the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties; but as they have constituted the writing to be the only outward and visible expression of their meaning, no other words are to be added to it, or substituted in its stead. The duty of the court in such case, is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express, but what is the meaning of words they have used. It is merely a duty of interpretation; that is. to find out the true sense of the written words, as the parties used them; and of construction; that is, when the true sense is ascertained, to subject the instrument in its operation to

the established rules of law.   And where the language of an instrument has a settled legal construction, parol evidence is not admissible to contradict that construction.   Thus where no time is expressly limited for the payment of the money in a special contract in writing, the legal construction is, that it is payable presently, and parol evidence of a contemporaneous verbal agreement for the payment at a future day is not admissible."   (1 Greenl. Ev., § 277.)

The admission of the parol evidence upon the trial of this case would seem to be plainly in conflict with the rule above stated by Greenleaf.   The only object of the parol evidence in this case must have been to contradict the writing, as it appears in the promissory note.   The plain and legal interpretation of the note as the parties made it, is to make both principal and interest of the note due five years after its date. The oral evidence received by the court would make the promise of the defendant, one to pay the interest annually, and thus import new and additional words into the note, which is not permissible.   (7 Barb.. 560, above referred to ; Murdock vs. Ganahl, 47 Mo., 135 ; Massman vs. Halscher. 49 Mo., 87 ; Thornton vs. McGaugh, 8 Mo., 161 ; Huse vs. Mc-Quade, 52 Mo., 388.)

It follows that as the note named in the deed of trust was not due until five years after its date, and  the sale having been made by the trustee named in  the deed of trust a little more than one year after the execution  of the note, and long before any default was or could be made by the defendant in the payment of the  debt secured  by the  deed of trust, said sale and the deed made in pursuance thereof were without authority and void, at least so far as it pretended to foreclose the defendant's right to redeem upon the payment of the debt and interest when it became due, and the  defendant could not be dispossessed of his land until default had been made.

The judgment must therefore be reversed, and the cause remanded.

All the other judges concur.