90  307
46a 534
90  307
119   9
90  307
135  13
90  307
127 519
90   307
178  4634

### JONES, *Appellant*, v. SHEPLEY, *Trustee, et al.*

1. **Deed of Trust:** HUSBAND AND WIFE: CONVEYANCE TO WIFE. Where a husband and wife who were seized of a tract of land by entireties which is involved in litigation, executed a deed of trust to the same to secure attorneys in their fees, and sureties on the grantee's appeal bond, which deed provided that, in case of the recovery of the land in kind, the trustee, after conveying one-half of it to the attorneys, should convey the other half in fee-simple to the wife, and in case damages should be recovered instead of the land, the trustee should pay one half thereof to the attorneys named, and also the costs of suit and of executing the trust, and the balance to the wife as her absolute property, and before the close of the litigation the wife dies, and a money judgment is recovered instead of the land, the administrator of the wife is entitled to receive her share, and the husband cannot recover it on the ground that the trust was a voluntary one.

2. ———— : ———— : ————: CONSIDERATION. The deed of trust recited a consideration, and was not voluntary. Being under seal it imported a consideration, and the agreement made by the trustee, in consideration of the transfer of the property to him, constituted a valuable consideration for the grant to the wife.

3. ———— : ———— : ————. It is immaterial that the amount to be recovered was not definitely fixed and ascertained. The deed was competent to pass whatever interest the husband and wife had in the subject matter of the trust to the trustee, and it could not be revoked or recalled by the husband after the death of the wife. The trust became complete upon the delivery of the deed to the trustee, and it did not fail because the death of the wife occurred prior to the trustee becoming possessed of the fund.

4. ———: CONSTRUCTION : MISTAKE. Where the terms of a deed are clear, parol evidence is inadmissible to give it a different operation from that apparent on its face, where relief is not prayed on the ground of mistake, and reformation is not asked.

*Appeal from the St. Louis Court of Appeals.*

AFFIRMED.

*D. T. Jewett* and *W. M. Eccles* for appellant.

(1) The deed of Glasgow, in 1858, of the land to Jones and wife, created them tenants of the entirety, and as our statute then was, the survivor took the whole. *Garner v. Jones*, 52 Mo. 71. Upon familiar principles of equity, the money arising from the land goes to whomever the land would have gone. (2) When the object of the trust fails by reason of lapse or otherwise, or by death of the donee, the property reverts to the donor. Hill on Trustees, marginal pp. 114, 134, 136. (3) These resulting trusts for the benefit of the heirs of the testator, are, on the principle claimed here, viz.: resulting to the donor or his heirs. For, if the legatee die before the testator, or any other condition precedent to the vesting of the property, the legacy lapses, and is not payable to the executor or administrator. 2 Williams on Ex., marg. p. 1036, *et seq.* (4) The collateral heirs cannot enforce a voluntary trust made for the benefit of the wife. The general rule is, that parties seeking to enforce the trust must be those that come strictly within the reach of the consideration of the marriage, or who claim through them as the wife or husband, or their issue ; but mere volunteers or collateral relations cannot interfere. 1 Perry on Trusts, pp. 451, 452, sec. 367 ; *Blecker v. Bringham*, 3 Paige's Chy. Rep. 246. It is now held that even a wife or a child cannot enforce a purely voluntary executory contract or settlement. 1 Perry on Trusts, 453 ; *Halloway v. Headington*, 8 Simons [Eng.]

325. (5) The trustee cannot change the trust; he must carry out the intention of the donor, and if he cannot the trust fails. 2 Perry on Trusts, pp. 344–6, secs. 726, 727, 729. In the case at bar, the object of the trust has failed; it is impossible to carry out the trust. This is, therefore, a resulting trust to Lewis Jones; for the object of the trust, which was for the benefit of his wife, has wholly failed by her death. 4 Kent's Com., 307, at top, marginal in late editions. So, if it appear that the gift was for a particular purpose, and this purpose cannot be carried out, his gift must go to his next of kin, and if the gift cannot vest in the donees for the reason that they cannot be found, the court cannot appoint other donees. 2 Perry on Trusts, p. 344, sec. 726. (6) A deed by a man to his wife, at common law, is void, and can only be enforced in equity. *Wallingford v. Allen*, 10 Peters, 594; *Sheppard v. Sheppard*, 7 Johns. Ch. 57. It cannot pass as a gift, for it was not delivered, nor was possession of it passed to the donee by an instrument of writing which pretended to pass the title, but was but a future promise to give. Gifts must be accompanied by delivery of the thing given, or the delivery must be accomplished by an instrument that purports to deliver it, and the gift must be absolute and not contingent, and must not, in any way, depend upon the happening of some uncertain event. It must not be a future promise, or it will be void. This is a void gift, for it does not come under the rule in relation to gifts. 1 Parsons on Contracts, 234, 5; *Bassett v. Hassell*, 107 U. S. 602; *Walter v. Ford*, 74 Mo. 195. This gift or trust cannot be executed, because the money was to be paid to Julia Jones, and her alone. She being dead before any money went into Shepley's hands, it cannot be paid to her, and must remain the property of the donor. Nothing had vested in her before death, as no balance over and above costs and expenses had been ascertained or determined;

as, at the time of her death, there was no judgment for any damages against the institution.

*John D. Davis* for respondents.

"If the language of the contract appears to be perfectly plain and capable of a legal construction, nothing dubious appearing upon the face of the instrument, then the force and effect to be given to the contract must be determined by its terms, and oral evidence is inadmissible to give the contract a different construction from that imported by its terms." *Koehring v. Muemminghoff*, 61 Mo. 403; *Murdock v. Ganahl*, 47 Mo. 135. Upon the delivery of this deed to Mr. Shepley, as trustee (July 12, 1876), the entire interest in said judgment was vested in Julia Jones, subject to the charges therein imposed. This deed is executed by plaintiff, Lewis Jones, under seal, and for a valuable consideration, the receipt of one dollar, and conveys the property to his wife, the party to whom the real estate properly belonged, as the testimony clearly shows it had been purchased from Mr. Glasgow with her money. "The agreements contained in the deed stand until legally set aside, and are an impediment to any action by plaintiff." *Allen v. Carter's Adm'r*, 8 Mo. App. 585; *Rackliffe v. Seal*, 36 Mo. 317. Plaintiff's remedy, if any he has, lies in a proceeding to reform and correct the deed. The pleadings in this case, however, show that plaintiff proceeded upon the theory that the deed to Mr. Shepley provided that "the surplus fund should be paid to Lewis and Julia Jones, or the survivor," and defendants were not called upon to meet the question as to whether such deed, in providing that all the property remaining should go to Julia Jones, was thus drawn by inadvertence, and executed by mistake. It is, therefore, submitted that the trustee, Mr. Shepley, must pay the money over, as directed by the deed, to Julia Jones, as her absolute

property, and now that she is dead, to the defendant, M. D. Lewis, as public administrator in charge of her estate, for the benefit, first, of her creditors, and second, of her legal heirs.

SHERWOOD, J.—This proceeding has for its object the compelling of the trustee, Shepley, to pay over a fund in his hands to the plaintiff. The facts gathered from the record are these : The plaintiff and Julia Jones, his wife, were seized of a tract of land, as tenants, by entireties. The land was in litigation, and to secure their attorneys in their fees, and certain persons who had become sureties for them on an appeal bond, they conveyed the land in question, and also a judgment, which they had recovered in the St. Louis Court of Appeals in respect of the same, together with any other judgment, which might be entered in the same cause, on an appeal from this court to the Supreme Court, in trust, to the defendant, John R. Shepley. The deed provided that, in case Lewis Jones, and Julia Jones, his wife, should pay all costs and expenses, for which the sureties in their appeal bond might become liable, and should convey one-half the land, in case the land should be recovered in kind, and pay over one-half the money, which should be recovered in respect of the land, to their attorneys, in accordance with the contract subsisting between them and their attorneys, then the deed should be void ; but, in case they should not do this, then the deed provided, in substance, that the trustee should do it for them. And then come the clauses of the deed, which provide for the disposition of the remainder of the land, or of the money, and which alone form the subjects of this controversy. First, the deed provides that, in case of recovery of the land in kind, the trustee, after conveying one-half of it to the attorneys, "shall also make and execute a deed in fee-simple, in due form of law, for the remaining half of said land and real estate, to said Julia Jones, wife of Lewis Jones, in whom

the fee-simple of said real estate is, and has been heretofore;" and, in case damages shall be recovered, instead of the land, the trustee shall pay one-half thereof to the attorneys named, and also the costs of the suit, and the costs of executing the trust, "and the balance remaining of said funds, after the payment of said costs, charges and expenses, shall be paid over to her, the said Julia Jones, wife of Lewis Jones, as her absolute property." Before the termination of the litigation, Julia Jones died. The litigation resulted in a compromise, on the basis of eight thousand dollars damages being recovered by the plaintiff. Four thousand dollars of this seem to have been paid directly to the attorneys, as their fees, in pursuance of the contract recited in the deed of trust. Four thousand and twenty dollars were paid into the hands of the trustee, one thousand dollars of which were, by agreement of all parties, paid out to satisfy the liabilities of the sureties, for whose indemnity the deed of trust was, in part, given; so that there still remains, in the hands of the trustee, the sum of three thousand and twenty dollars, to answer the judgment in this suit, less the costs of executing his trust. The plaintiff claims this fund, as the survivor of his wife, and the defendant, Lewis, claims it, as her personal representative, under the terms of the deed of trust.

So that the only question to decide is, to which of these two parties the trustee should pay the fund—to the husband, or to the administrator of the wife's estate? It is noteworthy that the petition does not allege that there was any mistake in drawing the deed of trust to Shepley, the trustee, nor is there any prayer for reformation of that instrument. On the contrary, the plaintiff alleges, in his petition, that, by the provisions of the trust deed to Shepley, the balance of three thousand and twenty dollars, remaining in the hands of the latter, was "to be paid to the said Lewis and Julia Jones, or the survivor of them." This is certainly a very

singular allegation for the plaintiff to make, in view of the very plain provisions of the instrument under which he claims. While that instrument stands unimpeached, it, of necessity, constitutes an insuperable barrier to any relief, except it be relief based upon the grounds of mistake made, and a prayer for the correction of such mistake. *Rackliffe v. Seal*, 36 Mo. 317. And the terms of the instrument being clear, there was no room for the introduction of parol evidence, to give the deed a different operation from that apparent on its face. *Pooser v. Tyler*, 1 McCord, 18; *Koehring v. Muemminghoff*, 61 Mo. 403; *Murdock v. Ganahl*, 47 Mo. 135.

Contention is made by counsel for the plaintiff, that the conveyance, by himself and wife, to the trustee, with reservation to the wife, etc., and that, as the wife died before Shepley came into receipt of the money, that, therefore, the gift or trust failed; and that, as the money could not be paid to the wife, therefore, it must revert to him, as donor. To this it may be replied, that the instrument, on its face, shows that it was not a voluntary trust, but was an instrument reciting a consideration, and, besides being under seal, imported a consideration. There is, therefore, no donor in the case. But there was a valuable consideration for the grant to the wife, and this was the agreement made by the trustee, in consideration of the transfer of the property to him; and it is immaterial that the amount to be recovered, whether of land or money, was not then definitely fixed and ascertained; the deed was competent to pass whatever interest the husband and wife had in the subject matter of the trust, to the trustee; and it could not be revoked or recalled by the husband, after the death of the wife. The trust became complete, upon the delivery of the deed to the trustee, and that trust did not fail, because the death of the wife occurred prior to the trustee becoming possessed of the fund now in controversy.

The judgment should be affirmed. All concur.