# SUPREME COURT

OF THE

# STATE OF MISSOURI,

AT THE

OCTOBER TERM, 1893.

---

HARDING et al., *Appellants*, v. WRIGHT.

Division Two, December 16, 1893.

1. **Deed**: PAROL TESTIMONY. Parol testimony by the grantor to contradict his deed and to vary the description of the land as thereby conveyed by him is inadmissible.

2. ———: BOUNDARIES. Calls in a deed fixing the boundaries of the land conveyed by distances must yield to other calls establishing the boundaries by fixed or well defined monuments.

*Appeal from Mississippi Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*E. R. Lentz* for appellants.

(1) The effect of the deed offered in evidence by the plaintiffs was to convey to plaintiff, Mary Harding, all the land lying between the point of beginning and the east line of the lot then owned by defendant,

E. W. Wright, whether the same be eight feet or sixteen feet, and in this respect it mattered not whether her deed was recorded or not. The language of the deed is plain and certain, and cannot be contradicted or explained by parol testimony. *Whittlesey v. Kellogg*, 28 Mo. 404; *Jennings v. Brizeadine*, 44 Mo. 334; *McCafferty v. Conover*, 7 Ohio St. 99; *Campbell v. Johnson*, 44 Mo. 250; *Smith v. Catlin Land & Imp. Co.*, 117 Mo. 438. (2) The defendant is not protected as an innocent purchaser without notice of plaintiff's claim, because of the fact of plaintiff's deed not being on record, because he himself says that he knew that Hardings had a deed and were claiming all the strip of land in controversy before he took the deed from Ferguson. (3) Testimony of Martin Ferguson is set out in defendant's application for a continuance, was incompetent, irrelative and immaterial and should have been excluded. The court committed error in admitting the same. 1 Greenleaf's Evidence, sec. 275; *Jennings v. Brizeadine*, 44 Mo. 334; *Campbell v. Johnson*, 44 Mo. 250; *McCafferty v. Conover*, 7 Ohio St. 99; *Jones v. Shepley*, 90 Mo. 313; *Koehring v. Muemminghoff*, 61 Mo. 407; *Murdock v. Ganahl*, 47 Mo. 137; *Lumber Co. v. Warner*, 93 Mo. 384. (4) The declaration of law given by the court at the request of the defendant proceeds upon the theory that the effect of the deed read in evidence by plaintiff could be varied or contradicted by parol testimony. It is, therefore, not the law and should not have been given. For this error, the judgment should be reversed. See same authorities cited under third point. (5) The declaration asked by the plaintiffs, and refused by the court, presents the true theory of this controversy and should have been given and followed by the court in rendering its judgment. For error in not doing so, the judgment should be reversed. (6) The judgment is contrary to

law and against all the competent testimony in the
case. Judgment should have been for the plaintiffs
instead of the defendants.

*J. C. Sheppard* for respondent.

(1) While parol evidence cannot be received to
prove that the parties intended something different
from that which the language of the deed expresses,
yet if the language used in the description is uncertain
and doubtful, the practical construction given to the
deed by the subsequent acts of the parties may be
shown by parol. *Wolf v. Dyer*, 95 Mo. 545. The
general rule seems to be that in all cases where a
difficulty arises in applying the words of an instrument
to the subject-matter, it is proper to remove the
ambiguity by the introduction of extrinsic evidence.
*King v. Fink*, 51 Mo. 209. (2) The intention of the
parties to a contract should control in its interpretation.
*Jennings v. Brizeadine*, 44 Mo. 332; *Gibson v. Bogy*, 28
Mo. 478; *Jamison v. Fopiano*, 48 Mo. 194; *Belch v.
Miller*, 32 Mo. App. 387. (3) The words "more or
less" cannot be construed into an amount twice as
great as the amount called for, or an indefinite
quantity, but will allow only a slight departure from the
quantity expressed, and are not of themselves so
ambiguous as to render parol testimony admissible.
*Shickle v. Co.*, 10 Mo. App. 241; s. c., 84 Mo. 161.
(5) The parties having agreed upon a boundary, it
should be permitted to stand, especially so when it
corresponds to a strict interpretation of the deed itself.
*Major's heirs v. Rice*, 57 Mo. 388; *Jacobs v. Mosley*, 91
Mo. 457; *Schad v. Sharp*, 95 Mo. 574.

GANTT, P. J.—This action of ejectment was com-
menced in the circuit court of Butler county and taken

by a change of venue to Mississippi county. The petition is in the ordinary form, the land in controversy being described as follows, to-wit:

"All that part of lot 102 in the original town (now city) of Poplar Bluff, Missouri, described as follows, to-wit: Commencing one hundred and four feet west from the northeast corner of said lot, running *thence west to the line of the lot owned by E. W. Wright,* a distance of eight feet, more or less; thence south parallel with Sixth street one hundred and four feet; thence east parallel with Poplar street eight feet, *more or less, to the west line of the lot now owned by the said Mary Harding;* thence north parallel with Sixth street to the place of beginning."

The answer contains, *first* a general denial; *second,* a special denial that he is not now nor was at the time of the commencement of this suit in possession of the land described in plaintiff's petition; *third,* a former adjudication, in another action of ejectment for the same land between the same parties.

It was admitted that both parties claim under Martin Ferguson as the common source of title. Plaintiff read in evidence a general warranty deed from Martin Ferguson and wife to Mary Harding dated October 2, 1888, and filed for record October 17, 1888, at 10:20 o'clock A. M. and recorded in book W at page 595, conveying the land described in plaintiffs' petition.

Plaintiff then read in evidence the deposition of John Harding one of the plaintiffs in the above entitled cause, who testified in substance as follows:

"I am one of the plaintiffs; am acquainted with the defendant; know the land in controversy. Shortly after Mary Harding purchased the land in question from Martin Ferguson, the defendant came and took possession of the west half of the land described in

the deed to plaintiff; I think it must have been about three weeks after we bought it that he took possession of it; and he has had possession of it ever since and is now in possession of it. The defendant told me he had a deed for the same land, or a part of it. I had a conversation with the defendant before the one in which he told me he had the deed; in that conversation I told him that I had a deed for all the land lying between the lots then owned by defendant and the lot I owned prior to the date of the deed referred to; I think this was a day or two before he told me he had a deed for the land."

Plaintiff read the deposition of J. Perry Johnson, who testified in substance that he was present at the trial of the former suit for the same land, in the Butler circuit court, and heard defendant Wright's testimony: "As far as I can remember, Mr. Wright in his testimony stated that he knew, or had heard that Harding's deed covered the land in controversy, and my impressions are that he stated that he knew that Harding claimed the land before he (Wright) procured the deed from Ferguson." Plaintiffs then rested.

Defendant offered and read in evidence a deed from Martin Ferguson and wife to E. W. Wright, dated October 17, 1888, and filed for record October 17, 1888, at 9:25 o'clock A. M., and purporting to convey to E. W. Wright the following described land, to-wit: All that part of lot 102, in the original town (now city) of Poplar Bluff, Missouri, described as follows, to-wit Commencing at a point on the north boundary of said lot, sixty feet east from the northwest corner thereof, running thence south one hundred and four feet, three inches; thence east parallel with the northern line of said lot eight feet; thence north parallel with the west line of said lot one hundred and four

feet and three inches; thence west along the northern boundary to the place of beginning.

Defendants introduced E. W. Wright, defendant, who testified in his own behalf in substance as follows:

"I originally bought from Martin Ferguson sixty feet off of the west side of lot 102, in Poplar Bluff, which left a strip sixteen feet wide between my lot and plaintiff's lot; afterward Harding told me that he had bought that strip, eight feet *more or less;* shortly afterwards I went away and when I came back my wife told me the lot was surveyed and the line struck our house. Next morning Harding came to me and said he had the lot surveyed, and that the line struck my house; he said, 'I think I can hold that eight-foot strip under the more or less clause in my deed;' I went to see Ferguson and he told me he did not think he had eight feet in there. According to the plat the lot was two hundred and sixteen feet; he thought it was two hundred and eight feet; he then told me he would make me a deed for the other eight feet; he did so, and I put it on record and told Harding, and he brought suit. Harding claimed the land after he surveyed it; his deed was not on record. I knew at the time I took this deed from Ferguson that Harding had a deed for the strip of land in there and was claiming the whole of that strip; Harding had told me so."

Defendant then read in evidence, subject to the objection of plaintiffs, the testimony of Martin Ferguson as set out in defendant's application for a continuance, as follows: "At the time I conveyed the strip of land to Mary Harding I conveyed her a strip eight feet wide, and eight feet only; at the time I did not know that I owned any more than the eight feet, and afterward I inspected the plat of the city and my title papers and found I owned another eight feet; as soon as I

discovered this I conveyed the same to E. W. Wright." To the introduction of this evidence the plaintiffs object for the reason that it is incompetent, irrelevant and immaterial, and because it was attempting to contradict or vary a written contract by parol or oral testimony. Which objection the court overruled and plaintiffs excepted. Defendant rested.

Plaintiffs offered in rebuttal the deposition of George W. Register, who testified as follows: "I was in the real estate business and also a notary public in October, 1888; I was acquainted with John and Mary Harding and Martin Ferguson in October of that year; John Harding is the husband of Mary Harding. On the second day of October, 1888, John Harding and Martin Ferguson came to my office and said they wanted me to write a deed; Ferguson had a little slip of paper in his hand on which was a description of the land; they talked about a fraction of a lot; they said they had been out and measured the lot and were of the opinion that there was sixteen feet yet not conveyed belonging to Ferguson, and that he had sold that strip to Mrs. Harding for $25; that while they believed there was sixteen feet they asked me to make a deed for eight feet, more or less, but extending the line of the lot owned by E. W. Wright, which I did. The intention was to convey to Mrs. Harding the entire amount of land in that strip. They talked of making the deed read sixteen feet, more or less."

The plaintiffs asked the following declaration of law, which the court refused to give, and plaintiffs excepted:

"The court declares the law to be that the deed offered in evidence by the plaintiffs conveys all that part of said lot lying between the point of commencement and the line of the lot then owned by defendant, E. W. Wright, whether the same be eight feet or six-

teen feet, and if the court shall find from the evidence that the defendant knew, or had knowledge of the existence of the claims of plaintiffs, or that he had knowledge of such facts and circumstances in connection therewith as would put a reasonable and prudent man, upon inquiry, as to the extent of plaintiff's claim at the time he took his deed for the strip of land in controversy, then the court should find the issue herein for the plaintiffs.''

The court gave for defendant the following declaration of law, to the giving of which the plaintiffs excepted:

"The court further declares the law to be, that if the evidence shows that at the time the deed was made to plaintiffs for the lands in dispute, he, the said Martin Ferguson, intended by said deed to convey and sell to plaintiffs a strip of land across lot 102, in the city of Poplar Bluff, eight feet wide, and eight feet only, and that plaintiffs knew they were purchasing only said strip of eight feet, and that the said Martin Ferguson afterward sold the remaining eight feet, which he owned in the said lot, to the defendant, then the finding should be for defendant.''

The court, a jury having been waived, then found for the defendant, and rendered judgment accordingly.

In due time plaintiffs filed their motion for a new trial, alleging as error, that the court erred in the admission of parol evidence to contradict and vary the deed of plaintiffs and erred in refusing plaintiffs' instruction and in giving defendant's, which motion the court overruled and plaintiffs excepted and bring their cause here by appeal.

I. The circuit court erred in admitting the parol testimony of Martin Ferguson to contradict his deed to Mrs. Harding on October 2, 1888, and to vary the

·description of the lands by him thereby conveyed; 1 Greenleaf on Evidence, sec. 275; *Jennings v. Brizeadine,* 44 Mo. 334; *Jones v. Shepley,* 90 Mo. 307.

II. The court also erred in refusing plaintiffs' declaration of law. By it, plaintiffs sought to have the court declare that their deed conveyed to them all the land lying between the well defined boundaries of the lot plaintiffs owned prior to the making of this deed, and the lot that defendant Wright also owned prior to the excution of that deed, whether the width was eight feet or sixteen feet.

This was the reiteration merely of the rule long ago announced in this state and consistently adhered to since, that calls for distances must yield to fixed or well defined monuments. *Whittelsey v. Kellogg.* 28 Mo. 404; *Campbell v. Johnson,* 44 Mo. 250; *Smith v. Catlin Land and Improvement Co.,* 117 Mo. 438.

III. It necessarily follows that the instruction given for defendant as it appears in the statement was erroneous. It was founded upon the incompetent evidence that was admitted to vary and contradict plaintiffs' deed and was obnoxious to the same objection. Defendant admitted he took with actual notice of plaintiffs' deed.

The judgment is reversed and cause remanded. All the judges of this division concur.