A. E. ZEIHME et al., Appellants, v. J. H. NORRIS, Respondent.

### Springfield Court of Appeals, April 4, 1910.

1. **PLEADING: Answer: Sale of Goods: Breach of Contract.** In an action for goods sold and delivered, consisting of a lot of jewelry, alleged to have been furnished upon a written order, the answer of defendant specifically denies that the goods sent him were of the character ordered and alleged that he refused to receive those that were shipped to him. *Held,* that the answer set up a proper defense, and that the demurrer thereto was properly overruled.

2. ———: **Contracts: Waiver of Conditions.** In an action for goods sold and delivered under a written order where the defense was a failure upon the part of the plaintiffs to furnish goods according to the conditions of the contract; *held,* that if plaintiffs desire to rely upon a waiver of any of the conditions of the contract upon the part of the defendant, they should raise that issue by proper pleading.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*W. E. Barton* for appellants.

(1) The answer should have set up the contract requirements and specified wherein the goods delivered fell short. Hollfield v. Black, 20 Mo. App. 328; Brewington v. Mesker, 51 Mo. App. 348; Lumber Co. v. Lumber Co., 51 Mo. App. 555. (2) A specific pleading is necessary to raise the question of variance between

the sample shown and goods delivered.  Weil v. Electric
Co., 39 Misc. (N. Y.) 527.  (3)  A conditional rejec-
tion followed by a continued possession of the goods
amounts to an acceptance.  24 A. and E. Enc. L. (2
Ed.), 1090; Duckwall v. Brooke, 65 S. W. 537; Water
& Light Co. v. Lamar, 140 Mo. 145.

*L. D. Grove* and *Jas. H. Covert, Jr.,* for respond-
ent.

COX, J.—Action for goods sold and delivered, con-
sisting of a lot of jewelry alleged to have been fur-
nished upon a written order signed by defendant.  The
defendant filed the following answer:

"Now comes the defendant, and for his second
amended answer to plaintiffs' petition states that he
admits that he made the contract in writing attached
to plaintiffs' petition herein filed, and agreed to pay for
the same at the times and in the manner alleged, but
denies that the said goods were ever forwarded to, or
received, by, him, and says that a lot of goods were for-
warded to him by plaintiffs but of a quality inferior
in quality to those described and mentioned in said con-
tract, and that he, this defendant, refused to receive
the same and so notified plaintiffs in writing; and ten-
dered back to plaintiffs the same, and still holds the
same subject to plaintiffs' order, and denies each and
every allegation in the plaintiffs' petition."

To this answer the plaintiffs filed a demurrer on
the ground that it did not state facts sufficient to con-
stitute a defense.  This demurrer was overruled.  The
case then went to trial before the court, a jury being
waived, he, after hearing the evidence, found the issues
in favor of the defendant.  Plaintiffs have appealed,
assigning as error the action of the court in overruling
their demurrer to the defendant's answer, and that the
finding of the court is not supported by the testimony.
The action of the court in overruling the demurrer to

the answer was correct. The plaintiffs declared upon a written order for goods signed by defendant, which order was filed with their petition. This order describes the character of goods the defendant had ordered. The answer of defendant specifically denies that the goods sent him were of the character he had ordered, and alleges that he refused to receive those that were shipped to him. This answer, if true, was a complete defense to plaintiffs' alleged cause of action.

In contending that the finding of the court is not supported by the testimony. plaintiffs contend that they were not notified that defendant objected to the character of the goods until he had filed his answer in this case, and for that reason, defendant had waived any objection that he might have made to the quality of the goods. An examination of the testimony will show that immediately after the goods were shipped to defendant he wrote the plaintiffs, making some complaint, stating that he did not fully understand the contract in some way, and stated that he would not open the goods until he heard from them, and within three weeks after the shipment of the goods, he, defendant, wrote the plaintiffs that the plaintiffs had first violated the contract, and he would not receive the goods and would hold them subject to their order. We think this notice sufficient to apprise the plaintiffs that there was something wrong; but in any event, the issue as to whether or not the defendant had waived any objection that he might have made to the quality of the goods was not properly raised upon the pleadings in this case. The plaintiffs, in their petition, declare upon a contract and alleged performance upon their part. The answer denies performance in that he alleges that the goods were not of the quality that the defendant had bought from the plaintiffs. In this state of the pleadings the only issue was as to whether the plaintiffs had shipped the goods as directed under the order, and whether they were of the quality the defendant bought. If plaintiffs

desired to rely upon a waiver of any of the conditions of this contract upon the part of the defendant they should have raised that issue by a proper pleading. Having failed to do so, they cannot now be permitted to avail themselves of it.    [Kansas City ex rel. v. Walsh, 88 Mo. App. 1. c. 277; Lanitz v. King, 93 Mo. 513, 6 S. W. 263; Ehrlich v. The Insurance Co., 103 Mo. 1. c. 240, 15 S. W. 530; Hill v. Rich Hill Coal Mining Co., 119 Mo. 1. c. 30, 24 S. W. 223.]

There was substantial evidence on the part of defendant that the goods were not of the quality of goods which he had ordered; therefore, the finding of the court was justified by the testimony, and no error appearing in the record, the judgment will be affirmed. All concur.