SHELTON and HEATHERLY, Respondents, vs. MAUPIN, Appellant.

1. Although a survey of the United States within a confirmed claim is of no force against the claimant, yet, when he adopts the survey, as designating any portion of his land, it may furnish a valid description, by which he may convey such portion.

2. A deed which refers for a description of the land conveyed, to a plat which shows a river to be one of the boundaries, is to be contsrued as if such a call was expressed in words in the body of the instrument.

3. When a deed, made either by the Government or an individual, calls for a river as a boundary, the tract must have that boundary, although it does not correspond with the established corners and monuments.

### Appeal from Franklin Circuit Court.

*Frissell & Jones*, for appellant, insist,

1. That Shelton and Heatherly are to be confined, strictly, to fractional section thirty-four, as laid down upon the plat in the register's office, from the field notes made by the United States surveyor, at the time that part of the country was sectionized in 1817.

2. That the appellees can receive no benefit from alluvion adjacent to fractional section thirty-four, formed prior to their purchase from Labaddie in 1844. The section lines within Labaddie's private survey were of no authority, further than he saw proper to recognize them. He did, in his bond for title to the appellees, recognize the lines of said fractional section, as they appeared upon the plat in the register's office. He also conveyed to Maupin the land which lay between that section and the river. There is no conflict between the tracts conveyed to Maupin, and Shelton and Heatherly. *Davis* v. *Rainsford*, 17 Mass. Rep. 208. *Magoun* v. *Lapham*, 21 Pick. 135.

*Stevenson*, for respondents.

1. Shelton and Heatherly are entitled to the entire fractional section thirty-four, with the Missouri river as a boundary, the

survey under which they purchased calling for the river as the terminus of both the west and south lines of said section, and the river being the northeast boundary. Accordingly, the land conveyed to Maupin, being embraced within said section, is the land of the respondents.

2. The land, as claimed by Maupin, being embraced within fractional section thirty-four, he, having notice both of purchase and possession by Shelton and Heatherly, his deed must be declared void, and the title must vest in the respondents.

3. Taking the terminus of the south lines of fractional section thirty-four, by chains and links, the rule of the government survey being, that lines should run to the cardinal points, the respondents are still entitled to all accretions north of fractional section thirty-four, as thus described.

GAMBLE, Judge, delivered the opinion of the court.

Sylvester Labaddie had a Spanish grant for a tract of land situated in Franklin county, which was confirmed by the act of Congress of 4th July, 1836. In 1817, the land embraced by this grant had been surveyed as public land, and the plats of the survey had been regularly made and sent to the office of the register of the land office. By the plat thus filed, fractional section thirty-four, township forty-five, of range two, west of the fifth principal meridian, appeared to be bounded by the Missouri river, and to contain one hundred and fifty-eight acres. On the 31st of January, 1844, Labaddie made his bond to Shelton and Heatherly, acknowledging the receipt of a part of the consideration money for the purchase of fractional section thirty-four, and the northeast quarter of fractional section thirty-three, and also of notes for the balance of the money, and binding himself to convey the said land to them, " as the same is described in the books of the register of the land office, for the district of lands subject to sale at St. Louis, Missouri." The defendant, Maupin, on the 28th of January, 1848, purchased from Labaddie a piece of land, which, by its description, was supposed to be between the land of Shelton and Heatherly and the Missouri river. The idea

upon which this purchase was made was, that the United States survey of fractional section thirty-four was, in fact, so made, that its lines did not run to the Missouri river ; or, that if they were so run in 1817, when that survey was made, there had been alluvial accretions made in front of section thirty-four, since the survey, which would not be comprehended in the sale made by Labaddie to Shelton and Heatherly. This purchase by Maupin was made with a knowledge of the sale to Shelton and Heatherly ; for Labaddie, when Maupin applied to purchase, did not believe he had any land between that sold to S. and H. and the river, until Maupin procured a survey to be made, exhibiting upon the plat a strip of land between section thirty-four and the river. Labaddie, afterwards, on the payment of the purchase money by S. and H., made a deed to them on the 21st of April, 1848, for the land he had sold to them, as evidenced by his title bond, describing it as fractional section thirty-four, and the northeast fractional quarter of fractional section thirty-three.

If the survey were now made of the section, by extending the lines to the river, it would still be made fractional by the river, and all the land in controversy would be included in fractional section thirty-four. The survey of Labaddie's claim under the confirmation, which was executed in 1837, and which Maupin, in his answer, says was not filed in the register's office, until after the purchase from Labaddie was made by Shelton and Heatherly, exhibits the previous surveys made by the United States within its boundaries, and shows fractional section thirty four as extending to and bounded by the river. The whole question in the case is, whether if it be true, that the surveyor, in running the sectional lines in 1817, did not, in fact, extend the south and west lines of the fractional section to the river ; or if, since that survey, there have been accretions in front of the fraction, so that the corners originally established by the surveyor on the bank of the river, are now distant from the stream, the sale to Shelton and Heatherly in 1844, would pass the land to the river.

The Circuit Court, ascertaining that the southeast corner of the fractional section, as originally established, is not now at the bank of the river, held, that that corner was to be taken as the farthest eastern point of Shelton and Heatherly's purchase, and that a line should be run from that corner due north to the river, and that they should have title to the land west of such line. This decision divides the land in controversy between the parties, and leaves Maupin in the enjoyment of a portion of his purchase.

In the progress of the trial, various plats of surveys were introduced by the parties, and among them, a plat of the original survey, as made in the year 1817, showing the fractional section as bounded by the Missouri river, on its northeast side. It may be observed here, that a section of land, as surveyed by the United States, can only be fractional by the interference of other surveys, known to and recognized by the United States, or by a river, across which the lines of survey are not extended. A section, made fractional by the Missouri river, must, of necessity, have that stream for one of its boundaries.

1. It may be admitted, that the surveys made by the United States, within the claim confirmed to Labaddie, are of no value or force as against him, yet, when he adopts the survey, as designating any portion of his tract, it may furnish a valid description by which he may convey such portion.

2. In the present case, the sale to Shelton and Heatherly was not merely by reference to the survey of fractional section thirty-four, as made by the United States, but by a specific reference to the books in the register's office, as they exhibited that section. This reference has the same effect in describing the land sold, as if a diagram, corresponding with the plat in the register's office, had been annexed to the deed or bond, and referred to for a description of the premises. If the plat in the register's office, at the time of Labaddie's sale to Shelton and Heatherly, showed the Missouri river as the northeastern boundary of the fractional section, then the bond is to be con-

strued, as calling for that stream as its boundary, with all the effect that such call would have, if expressed in words in the body of the instrument.

3. It is true, that this court has held, that the corners and monuments established, in running the United States surveys, shall control the course and distance of the lines which inclose any given subdivision of the public lands ; but when, in an instrument made either by the government or an individual, a boundary, such as a river, is called for, the tract must have that boundary. If a mistake has occurred, such as a court of equity will correct, the party alleging such mistake must apply to the proper tribunal to correct it, but where there is no such allegation, the calls of the instrument must be taken, as expressing the intention of the parties.

In the present case then, without enquiring whether there has been any alluvial accretion, or what was the condition or course of the river in 1817, when the United States survey was made, it is believed to be the clear effect and operation of the sale by Labaddie to Shelton and Heatherly, to pass to them all the land which is in fractional section thirty-four having for the northeast boundary of the section the Missouri river ; this being the effect of the reference to the books in the register's office. In order to make the sale effectual, the south line of the section, which, according to the original survey, as exhibited in this court, extended to the Missouri river, is still to be extended east to the river, if the distance does not exceed a mile from the southwest corner of the section ; and then all the land to the north of that line and between it and the Missouri river, is to be considered as sold to the plaintiff.

This view of the case is taken, upon the assumption, that at the time of the sale by Labaddie to the plaintiffs below, there was nothing in the register's office to change the effect of the plat of the original survey made in 1817, and that that plat was the one then in that office, to which reference was made in the bond to Shelton and Heatherly. As that plat shows the Missouri river as bounding the section from its northwestern to

its southeastern extremity, and shows the southeast corner of the section, on the bank of the river, the bond is construed to cover all the land within section thirty-four, which lies north of its south line, continued to the river.

As the decree of the Circuit Court passed to the plaintiffs, Shelton and Heatherly, the legal title which Maupin acquired by this deed from Labaddie, to so much, only, of the land in controversy as was west of a line running due north from the original southeast corner of the section, as fixed in 1817, to the river, it is inconsistent with the rights of the parties, as they are ascertained by this court; and its decree will, therefore, be reversed, and the cause will be remanded, in order that the Circuit Court may give full effect to the bond made by Labaddie to Shelton and Heatherly, as its effect is declared. In giving the decree, the Circuit Court will be governed by the plats and books in the register's office, showing the boundaries of section thirty-four, when Labaddie's bond to the plaintiffs was made; and if the evidence shows, as is now shown to this court by the plat of the survey of 1817, that the southeast corner of the fractional section appeared upon the plat in that office to be on the bank of the river, and that the entire front, from that corner to the northwest corner of the section, was bounded by the river, then the south line of the section is to be run east to the river, and all the land north of that line, and between it and the river, which lies in fractional section thirty-four, as that fractional section would now be surveyed, must be decreed to belong to the plaintiffs in fee simple.