WILLIAM. B. JENNINGS *et al.*, Respondents, *v.* FRANK BRIZEA-
DINE, Appellant.

1. *Deeds — Description — Patent ambiguity — Inaccuracy in, how cured.* — In
an action of ejectment for certain land sold plaintiff under a deed of trust,
the deed described it as "lot forty-six;" and a plat of the survey of the town
where the land was situated being put in evidence showed that the town was
laid off in lots and blocks, and that no lots were numbered as high as forty-
six: *held,* that the ambiguity in the deed was patent, and that parol evidence
was inadmissible to show that the deed was designed to convey block forty-six.
If the description was inaccurate, and failed to express the intention of the
parties, ·plaintiff should have applied to the grantor, or, in case of his refusal,
to a court of equity, to have the deed reformed and the mistake corrected.

2. *Deeds — Description, where certain, can not be contradicted by parol testi-
mony.* — If, in a deed conveying premises, the description is certain, parol evi-
dence of the intent, the acts, and declarations of the parties, going to establish
a different location or another designation, is inadmissible, as contradicting
or varying the deed.

3. *Deeds — Where intention of parties is plain on face of instrument, courts can
go no further.* — If the will of parties to a deed be plain upon the face of the
instrument, courts should go no further in determining its meaning, even
though the words used frustrate the grant itself.

*Appeal from Fifth District Court.*

*Asper & Pollard,* with whom was *W. P. Hall,* for appel-
lant.

Where the description of the deed is particular, that must
be followed; and if there is no property to which it can apply,
the grant fails. (2 Washb. Real Prop. 669–71; Smith v. Strong,
14 Pick. 128 ; Whiting v. Dewey, 15 Pick. 434 ; Winn v. Cattell,
18 Pick. 534 ; Dana v. Middlesex, 10 Met. 250 ; 4 Kent's Com.
467.) Both deeds made by Harker, sheriff, refer to the same
sale. The first is an execution of the power, and the second is
a nullity.

II. The court erred in the instructions for the plaintiff, whereby
the jury were required to consider parol evidence, and find that
lot 46, in the description of the trust deed, meant block 46. (1
Greenl. Ev. §§ 297–301 ; Serjeant v. Adams, 3 Gray, 72–77 ;
Miller v. Travers, 8 Bing. 244 ; Barnes v. Leonard, 10 Mass.

459; 43 Maine, 600; 2 Washb. Real Prop. 669–70, §§ 37, 38; Worthington v. Hillyer, 4 Mass. 196; Smith v. Strong, 14 Pick. 128; Atkinson v. Cummins, 9 How. 479.) The general description following the number will not control as against the particular preceding description, but must give way to it. (2 Washb. Real Prop. 670, § 38; 1 Greenl. § 301.)

*Jas. McFerran*, for defendant in error.

I. The deeds of sheriff Harker to the defendant in error, read in evidence by the parties, conveyed the legal title to the land in controversy to the defendant in error. (5 Johns. Ch. 44; 12 U. S. Dig. 627, § 367; Beattie v. Butler, 21 Mo. 319.)

II. The description of the land in controversy is sufficient, both in the petition and in the deeds read in evidence to the jury. (Clark v. Wethey, 19 Wend. 320; 4 U. S. Dig. 537, §§ 435, 439; Dodge v. Potter, 18 Barb., N. Y., 193; 15 U. S. Dig. 157, § 121.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit in ejectment, brought in the Livingston Circuit Court, to recover possession of block 46, in the city of Chillicothe. The petition was in the usual form, describing the property as follows: "Lot number forty-six (46), the same being block forty-six (46)." The answer denied that plaintiff was entitled to possession, and set up title in one of the defendants. There was a replication filed. The plaintiff deduced title by virtue of a sale made under a deed of trust.

The cause coming on to be heard, the plaintiff introduced William Keith as a witness, who testified that he was the grantor in the deed of trust, executed by himself and wife, to W. Y. Slack as trustee, dated October 8, 1860, and resided on the property conveyed by the deed of trust. It was always known as block 46; was known to him by that description; so given to the assessor; and witness never heard it called anything else until the deed was made. The deed described it as lot 46. Mr. Jennings made the deed, and said that the new survey of the town

so called it. The plat on last survey of the town was then intro-duced by the plaintiff, a copy of which is embodied in the bill of exceptions, from which it appears that the town is laid off in lots and blocks, and that no lots are numbered as high as 46. The property in controversy is designated as block 46, but does not seem to have been subdivided into lots. The plaintiff then offered in evidence the deed of trust to Slack as trustee, made by Keith and wife, in which the property is described as lot 46. The next evidence offered by the plaintiff was the deed of the sheriff of Livingston county, who executed the trust—Slack having in the meantime died—conveying the property to plaintiff, who purchased at the sale, wherein it is described as "lot 46, the same being block number forty-six (46), in the city of Chillicothe, according to the third and last survey of said city." To the introduction of all the above testimony the defendants objected; but the court overruled their objections, and exceptions were duly taken. Under instructions given by the court, the jury found a verdict for the plaintiff, and judgment was entered thereon. That judgment was affirmed in the District Court, and the cause is now pending here by appeal.

The first objection that will be considered is the action of the court in admitting parol testimony to show that block 46 was intended by the description "lot 46." The rule is that to render a deed or other instrument void for uncertain description, the ambiguity must be patent and appear on the face of the instru-ment; but where the uncertainty is raised by matter outside of the instrument, the ambiguity is latent, and may be explained by the application of extrinsic evidence. (Hardy v. Matthews, 38 Mo. 121, and cases cited.) "A latent ambiguity," says Sugden, "is that which seems certain and without ambiguity for anything appearing on the face of the instrument, but there is some col-lateral matter out of the instrument that breeds the ambiguity; and, as it is raised by extrinsic evidence, it may fairly be dissolved by the same means." Where words apply equally to different things or subject-matters, evidence is admissible to show which of them was the thing or subject-matter intended. If, in a deed conveying premises, the description is certain, parol evidence of

the intent, the act, and declarations of the parties, going to establish a different location or another designation, is inadmissible, as contradicting or varying the deed. Courts are to so construe the words of a grant, if possible, as to give effect to it, if it be plain that the parties intended it as an effective conveyance. In the construction the expressed will of the parties is to control. If this be plain upon the face of the instrument, courts are to go no further, though the words used frustrate the grant itself. Where the expression of the intent is doubtful and ambiguous, the most material and certain among the evidences of intent are to be selected and accredited. That which is most material and most certain in a description shall control that which is less material and less certain. ( Newsom v. Pryor, 7 Wheat. 10 ; Doe v. Thompson, 5 Cow. 393 ; Seaman v. Hogeboom, 21 Barb. 398. )

Where there are certain particulars in the description of the thing intended to be granted which can be sufficiently ascertained, the addition of any mistaken or uncertain circumstance will not, and ought not to, defeat or frustrate the intention of the parties.

In this case the description is plain, explicit, and certain. The deed of trust conveys lot 46. Were it shown that there were two lots in Chillicothe numbered 46, then a latent ambiguity would arise, which might be removed by extrinsic evidence, and it would be competent to prove by parol testimony which lot was intended. But it is not pretended that such a state of facts exists. The plat shows that Chillicothe is laid off in blocks and lots, none of which lots are numbered as high as forty-six; and when a deed is clear and precise, and conveys a lot, its terms can not be varied or altered so as to show that a block was thereby intended. If the description was inaccurate, and failed to express the intention of the parties, the plaintiff should have applied to the grantor, or, in case of his refusal, to a court of equity, to have the deed reformed and the mistake corrected. The court therefore erred in overruling the defendant's objections and admitting the parol evidence. For like reasons the deed of the trustee was ineffectual to convey anything more than the lot as described in the original deed of trust. The deed of trust conveyed lot 46 ; and, in the

execution of his powers, the trustee could only sell and convey according to that description. His attempt to explain and give a new designation to the property sold was unwarranted and unavailing.

I think the judgment should be reversed and the cause remanded for further proceedings. The other judges concur.