D. E. HAMMOND, SR., and D. E. HAMMOND, JR., v. BARNSDALL REFINING COMPANY, a Corporation, and THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, a Corporation, Appellants. —92 S. W. (2d) 149.

Division One, March 10, 1936.

*Luther Burns, J. E. Du Mars, Harry H. Kay* and *R. W. Starling* for appellants.

*H. M. Atwell, Irwin & Bushman* and *Harry L. Buchanan* for respondents.

GANTT, P. J.—Ejectment to determine title to a strip of land in the city of Eldon. Judgment for plaintiffs and defendants appealed. Defendants do not have title to the strip but contend that plaintiffs are also without title and for that reason should not recover in this action. The facts follow:

The right of way of defendant Chicago, Rock Island & Pacific Railway runs northwest and southeast through the city. It purchased said right of way from the St. Louis, Kansas City & Colorado Railroad Company. The east end of the strip is sixty-three feet wide and adjoins the west line of Aurora Street, and the strip extends west along and adjoins the south line of said right of way. Plaintiffs own Lot One, Block Five, of Harvey's Second Addition to Eldon. It is a triangular lot and also is the northeast lot of the addition. Defendant Barnsdall Refining Company is in possession of a part of the strip as lessee of the railroad.

Robert S. Harvey owned the land laid out as Harvey's Second Addition to Eldon. He filed with the recorder of deeds the plat and deed of conveyance of the addition. The deed is a part of the plat, and they must be taken together in considering questions with reference to the lots in said addition. The description in the deed follows:

"Beginning at a point where the north line of Ninth Street in the town of Eldon, Mo., intersects the east line of Locust Street in said town of Eldon, thence north along the east line of said Locust Street six hundred eighty and one-half feet to a point twelve feet south of the south boundary line of the St. Louis, Kansas City and Colorado Railroad switch connecting said railroad with the Jefferson City, Lebanon and Southwestern Railroad, thence in an easterly direction parallel with the south boundary line of said St. Louis, Kansas City and Colorado Railroad at a distance of twelve feet from said south boundary line to a point seven hundred feet due east of the east boundary line of said Locust Street, *thence due north*

*twelve and one-half feet to said south boundary line of said railroad, thence in a southeast direction along said south boundary line of said railroad four hundred feet more or less to a point where said south boundary line of said railroad intersects the west boundary line of* Aurora Street in said town of Eldon, thence south along the west boundary line of said Aurora Street to a point where the west boundary line of Aurora Street intersects the north boundary line of Ninth Street; thence west along the north boundary line of Ninth Street to the place of beginning.'' (Italics ours.)

██ The plat did not correctly locate the north boundary line of the addition. It is correct to a point seven hundred feet east of Locust Street, as shown by the deed of conveyance. It then should have proceeded north twelve and one-half feet to the south boundary line of the right of way of the railroad. Instead it proceeded directly southeast from said point to the west line of Aurora Street as if there were no curves of the right of way along that part of the addition. In other words, it ignored said curves. Furthermore, said line proceeded directly southeast as if it was the south boundary line of the right of way and the north boundary line of said lot.

It is clear that the plat and deed considered as a whole show that the strip in question is a part of the addition. We do not understand defendants to contend to the contrary. However, they contend that the strip is not a part of Lot One. The contention rests on the fact that the altitude of said triangular lot is noted on the plat as only ninety-seven and two-tenths feet, which, if correct, would exclude the strip as a part of said lot. If the strip is not a part of said lot, then there is land in the addition without a number or other designation to indicate that it is a separate lot. All other lots on the plat are numbered. Absent a number or other designation, it may be inferred that the strip was not to be separate land. If not separate land, it is a part of said Lot One. It follows that the notation on the plat that the altitude of said triangular lot is only ninety-seven and two-tenths feet is an error. This error must be charged to the inaccurate north boundary line of the addition. Indeed, it may be inferred that the grantor in the plat knew of these inaccuracies for he conveyed said Lot One by describing its north boundary line as the south boundary line of the right of way.

Defendants cite Rutherford v. Tracy, 48 Mo. 325. In that case there was no question of inaccuracy of either a boundary line of an addition or a boundary line of a lot.

The judgment should be affirmed. It is so ordered. All concur.