John H. WOLF and Edith Wolf, Appellants,

v.

Donald J. MIRAVALLE, Respondent.

No. 49682.

Supreme Court of Missouri,
Division No. 2.

Oct. 14, 1963.

Motion for Rehearing or to Transfer
to Court En Banc Denied
Nov. 11, 1963.

Schurr & Inman, Clayton, for plaintiffs-appellants.

Robert V. Niedner, Paul F. Niedner, Niedner, Niedner & Moerschel, St. Charles, for respondent.

STORCKMAN, Presiding Judge.

This is an equity action to determine title to a strip of land lying between properties owned by the parties in Portage des Sioux, St. Charles County, Missouri. The parties acquired title to their respective properties from the same grantor, and the essential issue is the location of the northern boundary of plaintiffs' land. The court found the issues for the defendant, and the plaintiffs appealed from the judgment denying the plaintiffs' prayer for injunctive relief and decreeing reformation of plaintiffs' deed in accordance with the prayer of defendant's cross bill.

The Town of Portage des Sioux is located on the Mississippi River, the bank of which at the place in question runs generally east and west. The plaintiffs' land is situated in Block 82 of a subdivision named Northern Addition to the Town of Portage des Sioux, which Addition was platted and recorded in June 1854 and consists of generally rectangular subdivisions designated as blocks which are in a single row extending east and west. A strip of land running along the northern boundary of all blocks of Northern Addition including Block 82 is designated on the plat: "perpetual Reservation of a street of 60 feet wide."

In 1931, as shown by plaintiffs' Exhibit 4, another subdivision named Playground Addition was platted and recorded to the north of Northern Addition. Playground Addition is separated from Northern Addition by the strip of land 60 feet wide reserved for a street. The lots or blocks in Playground Addition are of the same width as those in Northern Addition. Lot 4 of Playground Addition is immediately north of Block 82 of Northern Addition but separated by the "street of 60 feet wide." Lot 3 of Playground Addition is immediately west of Lot 4. Sometime during the 1930's a dam was built in the Mississippi River at Alton, Illinois, which created an impoundment of water known as Alton Lake, which flooded practically all of Playground Addition and a portion of Northern Addition.

LeRoy Barnard was the owner of land in the vicinity including Lots 3 and 4 in Playground Addition and Block 82 in Northern Addition, on and over which land

he at one time conducted a boat harbor known as the Palisades Yacht Club. Under date of December 18, 1956, Mr. Barnard leased the Palisades Yacht Club to the defendant Donald J. Miravalle and the lease included a tract of land in Block 82 "bounded on the West by the West line of Block 82, fronting 180 feet on PERPETUAL 60 foot street which forms the North line of block 82, and having a depth Southwardly of 300 feet." On December 2, 1960, Mr. Barnard conveyed to the plaintiffs by warranty deed the eastern 76 feet 8 inches of Block 82, the northern boundary of which was described as "a 60 foot street known as Perpetual Street." Thereafter, on February 10, 1961, the Barnards conveyed to the defendant Donald J. Miravalle a tract of land in Block 82 of Northern Addition bounded on the west by the west line of Block 82 and "fronting 180 feet on PERPETUAL 60 foot street which forms the North line of Block 82" together with Lots 3 and 4 of Playground Addition.

A roadway about 20 feet wide runs across the north end of Block 82 in an east and west direction and has been in existence at least 20 to 30 years. A survey of Block 82 made by Charles W. Ruff, the county surveyor, at the request of the plaintiffs, was introduced in evidence as plaintiffs' Exhibit 3. This shows the 60-foot-perpetual reservation for street purposes to be at least partially under water and that its south edge is about 10 feet north of the north side of the 20-foot roadway. The northeast corner of Block 82 is also under water. It is the 10-foot-strip of land north of the roadway that is in dispute.

The plaintiff John H. Wolf testified that on July 4, 1961, he and some friends were using a small boat dock on the northeast corner of Block 82 which was within the boundaries of the land he claimed was conveyed by his deed. The defendant disputed Mr. Wolf's right to use the dock and threatened to erect a fence and to pile dirt north of the private road so as to cut off the plaintiffs' access to the river. There-

after, the defendant did erect a fence and dredged dirt which he piled on the 60-foot-street reservation for the express purpose of making a private parking area for the boats of his club members and to prevent the plaintiffs from having access to the river. The defendant did not testify.

Under date of October 3, 1961, the defendant obtained from the Barnards a quitclaim deed to land described as follows: "All land which may lie between Perpetual Street as the same is now situated and located upon the ground in Portage des Sioux, Missouri and the Mississippi River extending between parallel lines between the lot lines of Block 82 of North Addition to Portage des Sioux, Missouri. Also all our right, title and interest in and to any part of Perpetual Street as the same is now located as well as the same is platted whether they be the same or not, and in between said two parallel lines and extended."

The plaintiffs filed this suit on November 14, 1961, seeking to enjoin the defendant from maintaining the fence and piles of dirt on plaintiffs' property and in Perpetual Street and to require the defendant to remove those obstructions and to restore plaintiffs' property and Perpetual Street to their former condition.

The defendant's cross bill alleged that there has been for many years past a publicly known, used and recognized street known as Perpetual Street in the Town of Portage des Sioux; that the defendant and the plaintiffs both hold title by conveyances from LeRoy Barnard and Desmond Barnard, husband and wife, and it was the intent of the Barnards to convey to defendant all the land owned by the Barnards lying north of the established Perpetual Street; "that at the time of the conveyance the parties thereto were not aware that Perpetual Street as located was any different than Perpetual Street as platted, if in fact the same is true"; that it was the intention of the parties to the conveyance to the plaintiffs to include only such land as

was situated south of Perpetual Street "as located". The cross bill further alleges if the conveyance to the plaintiffs describes any land north of Perpetual Street as now located then in equity the said deed should be reformed "because said words do then conflict with the ostensible intent of the parties." The prayer of the cross bill is "for an order of this Court reforming the said deed from Bernard to Plaintiffs and for the decree of this Court quieting title in Defendant to all that area lying North of Perpetual Street as the same is now located."

The grantor LeRoy Barnard testified on behalf of the defendant and to the extent necessary his testimony as well as other evidence will be referred to later. The trial court found that the northern boundary of Block 82 as surveyed in July 1963 by the county surveyor generally coincides with the southern boundary of the 60-foot-perpetual reservation and with the south bank of the Mississippi River; that the 60-foot platted way was virtually submerged in the Mississippi River and has never been used as a roadway, public or private; that the 20-foot roadway has been generally known as Perpetual Street to old residents and has been maintained by the Town of Portage des Sioux; that the description of plaintiffs' northern boundary is ambiguous and must be construed considering the intention of the parties as shown by the instrument itself and the accompanying circumstances; that to the north there was only one visible street which was the established 20-foot street, and that Mr. Wolf and Mr. Barnard would be more likely to mean the existing street they both saw on the ground than a dedicated but invisible one lying under the water, and that the deed should be reformed. The decree covered a wide scope but for present purposes it is sufficient to say that it provided that the description in plaintiffs' deed dated December 2, 1960, be reformed "by substituting for the words, in said description, 'on the North by a 60 foot street, known as Perpetual Street', the words 'on the North by

the public street across the Northern end of said Block No. 82, as it exists and is used as a street of the Town of Portage des Sioux.' "

In general, the plaintiffs' contentions on appeal are that the description in their deed was not ambiguous and that the evidence was insufficient to prove a mutual mistake. The first phase of these contentions is that the deed was tied in with the recorded plat and each is consistent with the other. The complete description of the land conveyed to the plaintiffs by the warranty deed of December 2, 1960, is as follows:

"A part of Block No. 82 of the Northern addition to the town of Portage des Sioux, as the same is marked and designated on the plat and subdivision of addition duly recorded in the Recorder's Office of St. Charles County, Missouri in Book D. No. 2 page 20. The said part of the said Block No. 82 herein conveyed being the Eastern 76 feet 8 inches of said Block No. 82 bounded on the East by Clark Street, on the North by a 60 foot street known as Perpetual Street, on the South by Front Street and on the West by the remainder of said block part of which has been leased to Miravelli."

When a recorded map or plat of a subdivision is referred to in a deed conveying a portion of the tract, the map or plat becomes as much a portion of the deed as if it were fully incorporated therein. Mothershead v. Milfeld, 361 Mo. 704, 236 S.W.2d 343, 345 [3]; Hammond v. Barnsdall Refining Co., 338 Mo. 488, 92 S.W.2d 149 [1]; Gloyd v. Franck, 248 Mo. 468, 154 S.W. 744, 746 [2]; Shelton v. Maupin, 16 Mo. 124, 127–128. A copy of the recorded plat and subdivision of Northern Addition referred to in plaintiffs' deed was introduced in evidence as plaintiffs' Exhibit 2. The dimensions of Block 82 are: 256 feet 8 inches from east to west, 700 feet along the western boundary, and 665 feet along the eastern boundary which causes the northern boundary to slope slightly from west to east.

There are open spaces running north and south between each block as well as east and west at the north and south boundaries of each block which obviously represent streets although none of them are named. As stated in City of St. Louis v. Missouri Pac. Ry. Co., 114 Mo. 13, 21 S.W. 202, 206 [4]: "In construing such a muniment of title as this plat, courts will give effect to the plain meaning and intent they exhibit by their outlines, as well as by their words." Moreover, the street running along the northern boundary of the blocks in Northern Addition, including Block 82, bears this inscription, "perpetual Reservation of a street of 60 feet wide." There is no designation of any other street or roadway at or near the northern boundary of Block 82. There can be no doubt that the northern boundary of Block 82 is the 60-feet-wide reservation for street purposes.

The deed and the plat are in harmony, and they are not ambiguous on their faces when considered separately or together. The deed purports to convey the entire eastern 76 feet 8 inches of Block 82 according to the plat and subdivision of record and not merely a part of it. A 60-foot street called for in the deed is shown on the plat as the northern boundary of Block 82 and is denominated a perpetual reservation. No other 60-foot street appears on the plat. Nor does the word *perpetual* appear in any other connection. It is significant also that the *remainder* of the block is designated as the *western* boundary of the part conveyed. The deed does not indicate that any part of the *remainder* of the block is *north* of the "60 foot street known as Perpetual Street."

■ Where an uncertainty in the description of the land conveyed does not appear upon the face of the deed but evidence discloses that the description applies equally to two or more parcels, a latent ambiguity is said to exist and extrinsic or parol evidence is admissible to show which tract or parcel of land was intended. Meinhardt v. White, 341 Mo. 446, 107 S.W.2d 1061, 1063–1064; County of Johnson v. Wood, 84 Mo. 489, 515; Jennings v. Brizeadine, 44 Mo. 332, 334–335; Hardy v. Matthews, 38 Mo. 121; 32 C.J.S. Evidence § 961 b(3), p. 917; 20 Am.Jur., Evidence § 1157, p. 1010. This rule applies to written instruments generally and requires first that an inquiry be made to determine if a latent ambiguity exists. Prestigiacamo v. American Equitable Assurance Co., 240 Mo.App. 839, 221 S.W.2d 217, 221 [5].

■ The rules for the determination of the ultimate question in this case are well stated in County of Johnson v. Wood, 84 Mo. 489, 515, as follows: "In cases of latent ambiguity in ordinary contracts such evidence is admitted to apply the words of the instrument to the person or thing intended. A latent ambiguity in respect to the property to be affected occurs in a dispositive writing when the language employed in the whole instrument does not serve to identify the thing to be transferred, but extrinsic evidence discloses the existence of two or more objects to which the whole description contained in the writing is *equally* applicable. But, where the legal construction of an instrument gives it a certain and definite meaning and effect, by which the property to be transferred is clearly ascertained and identified, its descriptive terms cannot be equally applicable to other property, and the instrument cannot be said to be ambiguous. Where the words are plain and free from ambiguity, oral evidence of the intention of the parties has been universally excluded. Declarations of intention constitute a part of the *colloquium* or previous conversation of the parties and can be entitled to no greater weight than stipulations previously agreed upon, but not inserted in the writing, and, therefore, presumed to have been abandoned."

In evaluating the evidence, we have this further guide from Jennings v. Brizeadine, 44 Mo. 332, 334–335: "Where words apply *equally* to different things or subject-matters, evidence is admissible to show which of them was the thing or subject-matter intended. If, in a deed conveying premises,

the description is certain, parol evidence of the intent, the act, and declarations of the parties, going to establish a different location or another designation, is inadmissible, as contradicting or varying the deed. * * Where the expression of the intent is doubtful and ambiguous, the most material and certain among the evidences of intent are to be selected and accredited. That which is most material and most certain in a description shall control that which is less material and less certain."

The existence of a latent ambiguity regarding the location of the northern boundary of plaintiffs' land depends on whether the term "a 60 foot street known as Perpetual Street" as contained in the deed is *equally* applicable to an existing roadway 20 feet wide across the northern portion of Block 82 and the "perpetual Reservation of a street of 60 feet wide" as shown on the recorded plat. At the place in question, the 20-foot roadway and the 60-foot-platted street are about 10 feet apart as shown by the only survey in evidence. A utility pole and some portion of a fence was on the north side of the 20-foot roadway and a trailer was parked on the 10-foot strip. Maintenance work had been done on the roadway by the Town of Portage. The town clerk testified that sometimes during the summer the Town Board would be petitioned by one of the harbor owners to put the roadway in repair, and on different occasions the road had been oiled and minor repairs made. There was evidence that the 20-foot roadway had been used for a period of about 30 years. Witnesses for the defendant testified that the roadway was known as Perpetual Street. On the other hand, there was evidence that the roadway had not been designated or known as Perpetual Street. There was testimony that Perpetual Street was a 60-foot-wide street but no testimony that the existing roadway was 60 feet wide. Mr. LeRoy Barnard himself testified that he had a plat with him at the time he sold the land to the plaintiffs which showed the width of Perpetual Street to be 60 feet wide. This in substance is the

evidence on which the defendant must rely to prove that a latent ambiguity exists justifying the introduction of further evidence bearing on the northern boundary of the property conveyed.

The defendant's principal contention on appeal is that the plaintiffs' deed was ambiguous because it referred to a boundary "known as" Perpetual Street which was not designated of record, and that the court did not err in receiving evidence to determine what the parties intended by the description in the plaintiffs' deed and in particular the intention of the grantor because the determination of his intention is the principal element to be considered in construing a deed. Evidence in this category was received. The grantor LeRoy Barnard, over objection by the plaintiffs, was permitted to testify that in addition to inspecting the plat he went to the location with Mr. Wolf and informed "him orally what it was that [he was] selling him", that he showed Mr. Wolf the roadway by which he reached the lot, advised him that he called the roadway "Perpetual", that the area he was selling Mr. Wolf was south of the roadway and that no river frontage was included with the land and further stated that Mr. Wolf did not take issue with him about acquiring any property on the north side of the roadway. The deed was prepared by the grantor's attorney. In arguing an objection to the cross-examination of Mr. Wolf, defendant's counsel stated defendant's theory to be that "the discussions and conversations leading up to this deed and its meaning, as evidenced by the parties in their own conversations between them," was admissible in evidence. The plaintiffs' objection was overruled and the defendant's counsel was permitted to bring out on the cross-examination of Mr. Wolf that he and Mr. Barnard walked to the 20-foot roadway and Mr. Barnard told him that it was Perpetual Street but that he, Mr. Wolf, raised questions about the street being 60 feet wide as shown on the maps, and that he "disputed" with Mr. Barnard that the roadway shown him was where the block ended. Mr. Wolf

further denied that Mr. Barnard told him that no river frontage was included.

There are no *existing* streets at the east or south boundaries of Block 82 although streets are referred to by name in the deed and are shown on the plat without being named. The south end of Block 82 ends in a slough and those portions of the boundaries in that vicinity are covered by water. The water in the 60-foot-street reservation and at the northeast corner of Block 82 is from 16 to 24 inches deep and at times contains driftwood and other debris. There was evidence that the streets under water were used by boat operators as a means of access to Alton Lake. Mr. Wolf was a boating enthusiast and had been going to the area for several years. He intends to build a home on the land purchased.

■■ In the absence of ambiguity in the description of the property conveyed, the *intention of the parties must be determined by what the deed actually says and not by what the grantor might have said if he had decided to explain his intentions further. Bay v. Stout Sign Company, Mo., 301 S.W. 2d 786, 788 [1]; Boxley v. Easter, Mo., 319 S.W.2d 628, 632 [4]. Prior negotiations, stipulations and conversations are presumed to be merged into the written conveyance and they cannot be relied on to vary or contradict unequivocal statements in the muniments of title. In Northrip v. Burge, 255 Mo. 641, 164 S.W. 584, 591 [10], the court, in speaking of a grantor in a deed, stated: "Clearly it was not competent by his subsequent declarations to alter the terms of his previously executed and delivered and recorded deed, or to show that it did not include all that he intended to convey, in the absence of any fraud or imposition upon him in the matter of the execution of the deed, of which there is no evidence whatever in the present record." The facts in Harding v. Wright, 119 Mo. 1, 24 S.W. 211, are quite similar to those in the present case. Both parties claimed under deeds from the same grantor and the descriptions in the two deeds overlapped. The grantor was permitted to testify that he conveyed only a certain amount of land to the plaintiff, and when he discovered that he had more he conveyed the remainder to the defendant. The supreme court held that the admission of parol testimony was erroneous in that the grantor thereby contradicted his deed and varied the description of the lands conveyed to the first grantee. In Bell v. Jamison, 102 Mo. 71, 14 S.W. 714, the controversy involved the proper location of the boundary line between the plaintiff and the defendant. The plaintiff was claiming land *about 60 feet north of a fence established by* the defendant which the defendant claimed was the proper line. The court stated, 14 S.W. loc. cit. 715: "Nor did the court err in refusing to require the plaintiff to testify on his cross-examination whether he bought the land by the acre. By his deed from McGee the land was conveyed to him by metes and bounds and these bounds were the measure of his claim, they could not be varied or changed by parol, and his answer could have thrown no light upon the issue in regard to an agreement as to the boundary line between others to which he was not a party in fact." See also 32 C.J.S. Evidence § 916, p. 838.

■ There is no proof in the record that the 60-foot-platted street adjoining Block 82 on the north has lost its identity and status as a public street even though submerged and presently used by water traffic only. The recording of the plat vested the Town of Portage des Sioux with a fee in trust and gave the Town complete discretion and control as to the time and manner of improving the street. Section 445.070, RSMo 1959, V.A.M.S.; Robinson v. Korns, 250 Mo. 663, 157 S.W. 790, 792 [1]; Ginter v. City of Webster Groves, Mo., 349 S.W.2d 895, 899 [3]. The failure or neglect of municipal officers to assert the public right during the period of the statute of limitations will not constitute an abandonment or transfer to a private claimant of any part of city property held in trust for public use. Winschel v. County of St. Louis, Mo., 352 S.W. 2d 652, 653 [1]; City of St. Louis v. Mis-

souri Pac. Ry. Co., 114 Mo. 13, 21 S.W. 202, 206 [5].

■ There is no evidence properly in the case which proves that the grantors did not intend the 60-foot-platted street to be the northern boundary of the property conveyed. The deed itself and the recorded plat are consistent with that purpose. The use of the word "perpetual" on the platted street suggests the origin of the name by which the street was known. The evidence tends to prove that Mr. Barnard was uncertain as to the precise location of the 60-foot street, but all the competent evidence supports an intention to convey up to the platted 60-foot street which is the only street of that dimension disclosed by the evidence. Prior and subsequent written declarations binding on the grantors and the defendant support this view. In the lease of December 18, 1956, and the warranty deed of February 10, 1961, (both from the Barnards to the defendant), the part of Block 82 leased and conveyed was described as "fronting 180 feet on PERPETUAL 60 foot street which forms the North line of block 82". The two documents executed before the controversy developed between the plaintiffs and defendant express in only a slightly different way what was said in plaintiffs' deed. They establish that there was 60-foot-wide street known to Mr. Barnard and the defendant as Perpetual Street and that is the one to which plaintiffs' deed refers. Whether the 20-foot roadway was also known as Perpetual Street is of no consequence. The evidence fails to establish that the term "60 foot street known as Perpetual Street" applies *equally* to the 20-foot roadway. Hence there is no ambiguity in the deed, latent or otherwise. From the deed and the recorded plat, it is clear that the intention was to convey to plaintiffs the entire eastern 76 feet 8 inches of Block 82 and the reference to streets may be disregarded. Boxley v. Easter, Mo., 319 S.W. 2d 628, 633 [7]; 26 C.J.S. Deeds, §§ 30 h and 90 c. The status of the 20-foot roadway is not an issue in this case and is not determined.

■ Little needs to be said on the issue of reformation. The cross bill asked for reformation and the decree granted it, apparently on the theory of conforming the deed to the intention of the parties. The respondent's brief concedes that it does not appear from the findings of fact, conclusions of law and decree that the trial court found that there was a mutual mistake. The respondent in his brief further states that the cases cited by the trial court in support of his action in reforming the deed involve mutual mistake, and the brief further states that "this is not the kind of mutual mistake that requires or permits a court of equity to reform a deed, and that the effect of what was done in this case was that the deed was construed to mean what the parties were shown by the evidence to have intended". The evidence was wholly insufficient to constitute a mutual mistake of the sort required to justify the reformation of the warranty deed. Robinson v. Korns, 250 Mo. 663, 157 S.W. 790, 793–794 [2, 3]; Walters v. Tucker, Mo., 308 S.W.2d 673, 678 [6].

Since the documentary and other competent evidence does not reveal any ambiguity in the plaintiffs' warranty deed and no ground of fraud or mutual mistake was shown, the reformation of the deed was unwarranted. Fisher v. McClard, Mo., 262 S.W.2d 37, 38 [1]. The court erred in granting the affirmative relief requested by the cross bill.

■ The evidence was sufficient to warrant a finding that the boundary line established by plaintiffs' surveyor was correct. Krick v. Thompson, 349 Mo. 488, 162 S.W.2d 240, 243 [2]. Neither the defendant nor the grantor had had a survey made. The defendant's primary contention was that he owned the land in dispute. Since the acts of the defendant in erecting a fence and piling dirt on plaintiffs' land and his obstructing the street were willful, deliberate and continuous, the plaintiffs are entitled to the injunctive relief sought. Winslow v. Sauerwein, Mo.App., 285 S.W.2d 21, 25 [9, 10]; St. Louis Smelting & Refining Co. v.

**36**

Hoban, 357 Mo. 436, 209 S.W.2d 119, 123 [4]; Bell v. Walkley, Mo.App., 27 S.W.2d 456, 458 [5]; Town of Montevallo v. Village School District, 268 Mo. 217, 186 S.W. 1078, 1079 [1].

Accordingly the judgment and decree is reversed and the cause remanded with directions to deny the affirmative relief requested by the defendant and to dismiss his cross bill; and further to find the issues in favor of the plaintiffs, to grant the injunction as prayed and to otherwise proceed in accordance with the findings and law as stated in this opinion.

All of the Judges concur.

### On Motion for Rehearing

PER CURIAM.

In his motion for rehearing the defendant asserts that title to real estate is not involved and that this court does not have jurisdiction of the appeal. In his appellate brief the defendant suggested that this court was without jurisdiction because title to real estate "would not seem to be involved." The suggestion was given attention and the opinion recites factors which demonstrate that this court has jurisdiction although the conclusion was not drawn. Regardless of the plaintiffs' petition, the defendant's cross bill and the relief granted thereunder confers exclusive jurisdiction on this court.

■ The first sentence of the opinion states that this is an equity action "to determine title" to land. The prayer of the cross bill was for an order "reforming the deed" and for a decree "quieting title" in the defendant. The trial court found and decreed that the parcel of land in dispute "is owned by the defendants" and reformed the warranty deed accordingly. Unquestionably, title to real estate is directly involved and this court has exclusive appellate jurisdiction. Numerous cases so hold; among the more recent ones are Kauflin v. Turek, Mo., 277 S.W.2d 540, 542 [1], Dillard v. Dillard, Mo., 266 S.W.2d 570, 572

■ and Tayler v. Tayler, Mo., 243 S.W.2d 310, 312 [1]. See also notes 232 and 233 to Art. 5, § 3, of the Missouri Constitution, 2 V.A.M.S., pp. 117–118. Where the trial court finds the fact of title and purports to adjudicate and determine title, the action involves title to real estate regardless of the form of action and jurisdiction of the appeal is vested in the Supreme Court. Albi v. Reed, Mo., 281 S.W.2d 882, 884 [4].

The other matters specified in the motion for rehearing or, in the alternative, to transfer to the court en banc have been considered and adequately covered by the opinion. It would serve no useful purpose to restate or augment those discussions. Accordingly the motion for rehearing or, in the alternative, to transfer to the court en banc is overruled.