**Harold H. KNIGHT, Janice Knight, and Leon Dixon, Trustees of the Gospel Tabernacle Church of Sedalia, Successors in Trust of Roy Bozarth, James Bozarth, and Walter Clark, Trustees of the Gospel Tabernacle Church of Sedalia, a Corporation, Plaintiffs-Appellants,**

**v.**

**PENTECOSTAL CHURCH OF GOD OF AMERICA, INC., a Corporation, R. D. Heard, President, and Ralph J. Ferguson, Secretary, and the Southern Missouri District of the Pentecostal Church of God of America, a Corporation, Defendants-Respondents.**

No. 51742.

Supreme Court of Missouri, Division No. 1.

Sept. 12, 1966.

Motion for Rehearing and/or Transfer to Court En Banc Denied Oct. 10, 1966.

O. E. Brown, Sedalia, for appellants.

James E. Durley and Durley & Keating, Sedalia, Jack Fleischaker, Joplin, for respondents.

HENRY J. WESTHUES, Special Commissioner.

Plaintiffs filed this suit in the Circuit Court of Pettis County, Missouri, against the defendants seeking to have a lis pendens declared void and to have title to four lots in Sedalia, Missouri, vested in them.

The defendants filed an answer and a crossbill wherein they requested the court to reform a deed and to compel plaintiffs to convey title to the lots in question to one of the defendants. The trial court entered a judgment in favor of the defendants on the crossbill and plaintiffs appealed.

For an understanding of the situation, it is necessary to describe the parties to this lawsuit. The Pentecostal Church of God of America, Inc., is a worldwide organization with its headquarters at Joplin, Missouri. It is a Missouri corporation. It is authorized to do business in all fifty states of the Union and abroad. This corporation is one of the defendants in this case. In this opinion, we shall refer to it as the "Parent Church." This religious organization has churches or congregations in the various states. The territory is divided into thirty-seven district organizations. One of these comprises all of the State of Missouri lying south of U.S. Highway 40. It was incorporated as the Southern Missouri District of the Pentecostal Church of God of America, Inc., a corporation. This corporation is also a defendant in this case. Its headquarters are located in Springfield, Missouri. We shall refer to it as the "Southern Missouri District."

The plaintiff church is the Gospel Tabernacle Church of Sedalia, a corporation, which is located within the Southern Missouri District. The suit was filed in the names of Harold Knight, Janice Knight, and Leon Dixon, trustees of said church, as successors in trust of James Bozarth, Roy Bozarth, and Walter Clark. We shall refer to plaintiffs as the "Sedalia Church."

The Parent Church is governed by a General Board. Two regular meetings are held each year, said meetings being called bi-annual conventions. One of these meetings was held on November 28, 1962. At this meeting, a motion was adopted authorizing the execution of a deed to convey the property in question, being Lots 1, 2, 3 and 4 in Block 2, Bothwell Place, an ad-dition to the City of Sedalia, Missouri, which was owned by the Parent Church, to the Southern Missouri District. A church was to be constructed on the lots for the Sedalia congregation. It was the custom to have title to church property vested in the name of the district organization or the Parent Church. Before the deed was executed, a request was made by plaintiffs to have the deed made to the Sedalia Church. This church, that is, plaintiff, had applied for a loan of $12,000, which loan had been approved. If the deed had named the Southern Missouri District as grantee, a new application would have been necessary causing an undesired delay. The purpose of the loan was to provide funds for the building of a church. The superintendent of the Parent Church executed a deed conveying title to the Sedalia Church and the deed was delivered with a letter stating, in substance, that upon the completion of the loan, the Sedalia Church was to convey the lots to the Southern Missouri District.

When the loan was completed, the Sedalia Church refused to make the conveyance. Whereupon, the Parent Church had the Southern Missouri District file a lis pendens, giving notice that a suit would be filed affecting the title. The Sedalia Church then filed this suit to have the lis pendens declared void and to have the court decree title to be in the Sedalia Church. The defendants, as above stated, filed an answer and crossbill.

The undisputed evidence was that the Sedalia Church accepted the deed with the understanding that after the loan was completed the property would be conveyed to the Southern Missouri District. The three trustees then in office, James Bozarth, Roy Bozarth, and Walter Clark, testified to that effect. The letter delivered with the deed so provided and the trustees admitted the deed was accepted with the condition contained in the letter. There was no evidence to the contrary. Plaintiffs rely entirely upon the deed and claim the

evidence of the three trustees and the letter delivered with the deed were not admissible to support the request to have the deed reformed or to compel the plaintiffs to convey the property to the Southern Missouri District.

In the brief, plaintiffs say that "The Joplin Church is nothing more or less than a corporation, just like the other two corporations involved in this case." Let that be conceded.

In point two of their brief, plaintiffs say that the trial court found that there was an express agreement to reconvey and that the court referred to the letter but plaintiffs say the letter proves no such agreement. We cannot agree. The letter stated, in part:

"This Deed is to be used in completing your loan arrangements, after which you will execute the necessary documents to effect a transfer of the property to your District organization. Now that the District Articles of Incorporation are now properly completed, this property should be Deeded to the District and not back to the General corporation."

The three trustees in office when the deed was delivered testified the deed was accepted with the agreement or conditions stated in the letter. It was all one transaction. In the brief, plaintiffs say a court cannot rewrite or alter a deed without evidence to support it, citing Emerson et al. v. Treadway, Mo.App., 270 S.W.2d 614; Wolf et al. v. Miravalle, Mo., 372 S.W.2d 28; and Northrip v. Burge, 255 Mo. 641, 164 S.W. 584. The contention made does not apply to the situation now before us. We have before us undisputed, clear, and convincing evidence of an agreement on the part of plaintiffs to convey the lots in question to the Southern Missouri District after a loan had been completed. A court of equity would, indeed, be a feeble institution if it were powerless to grant relief in the present case. It is not necessary to cite authorities to sustain the judgment of the trial court.

We conclude by quoting a portion of the findings of the trial court which we approve:

"6. No one can be prejudiced by this result and equity which plaintiffs seek is satisfied. Any other result would be a travesty on justice. The title to the church property was in the Joplin organization in the beginning. There is nothing unusual in this as in most church organizations the legal title to church property is held by the parent church, the bishop or some other dignitary for the benefit of the local congregation using the church. Such being true, we have the Sedalia Church petitioning the parent Church (Joplin) to transfer legal title to it so it could put a loan on the property. The parent church makes the conveyance on the express condition that the property be reconveyed. But after the Sedalia Church takes title they refuse to convey as agreed. The Sedalia Church paid nothing for the deed and the Sedalia Church will still have the use of the property as before. To uphold this transaction as plaintiffs seek to do would be most inequitable. The same transaction, if between individuals, could well be denominated grossly fraudulent."

The judgment of the trial court is hereby affirmed.

PER CURIAM:

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.