**Rosalie M. KEIM, Formerly known as Rosalie M. Brecht, Plaintiff-Appellant-Respondent,**

v.

**Harold William MATTES and Viola M. Mattes, Defendants-Respondents-Appellants.**

**Nos. 33965, 33975.**

Missouri Court of Appeals,
St. Louis District.

Feb. 22, 1972.

Dubail, Judge, Kilker & Maier, St. Louis, for plaintiff-appellant-respondent.

Wion, Burke & Boll, Clayton, for defendants-respondents-appellants.

SMITH, Judge.

Plaintiff filed her suit seeking reformation of a deed and partition of the real estate. The deed placed title to the real estate in defendants by the entireties and plaintiff as tenants in common. The one-half interest to plaintiff was for her natural life with power to convey and upon her death the remainder or any part undisposed of to defendants. The reformation sought was that the deed reflect a one-half interest as tenants in common in plaintiff and in defendants and the provisions concerning remainder interest be stricken. Such relief would convert plaintiff's interest from a one-half interest as a life tenant to a one-half interest in fee. Following trial the court granted the reformation relief prayed by plaintiff and then ordered partition. Both parties appealed from the final judgment which specifically adopted the interlocutory judgment ordering reformation. Defendants, as appellants, here attack, among other things, the order of reformation.

Although originally agreeing that this court had jurisdiction; the parties have now filed a joint motion requesting transfer to the Supreme Court. The motion is well taken.

Plaintiff sought and the court decreed reformation of a deed conveying real estate. Such a reformation changes the interest and the title of the parties to the real estate in question. The right to partition was also dependent upon the reformation of the deed in order to establish a fee interest in plaintiff. In such posture the title to real estate is involved under the constitutional provisions in effect at the time the appeals were taken. Croy v. Zalma Reorganized School Dist. R-V of Bollinger County, Mo., 434 S.W.2d 517 [1]; Wolf v. Miravalle, Mo., 372 S.W.2d 28 [11]; Weller v. Searcy, 343 Mo. 768, 123 S.W.2d 73 [1].

The causes are transferred to the Supreme Court.

PER CURIAM:

The foregoing opinion by SMITH, J., a commissioner when the case was submitted to the Court, is adopted as the opinion of this Court. Accordingly, the causes are transferred to the Supreme Court.

BRADY, C. J., DOWD, J., and VERNON MEYER, Special Judge, concur.