Vivian R. ELMORE, Appellant,

v.

Ray A. ELMORE, Respondent.

No. KCD 28074.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Transfer Granted by Supreme Court
May 10, 1977.

Remanded to Court of Appeals May
17, 1977.

Mandate Issued May 20, 1977.

Wm. Harrison Norton, Norton & Pollard, Inc., North Kansas City, for appellant.

Wayne R. Starr, Jr., Independence, George E. Murray, Chesterfield, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The marriage was dissolved and division of marital property adjudged between the husband and wife. The evidence was the stipulation of the parties and their oral testimony. The only contest was as to certain farm land given to the couple twenty-five years earlier by the grandparents of the wife. The trial court determined that this conveyance was a gift to both husband and wife and that the title should remain undisturbed. The wife contends here that the conveyance was meant as a gift to her alone and should have been declared her sole title and ownership. This issue was not pleaded and is new on appeal.

The petition for dissolution of marriage went without contest as did the division of the personal property. During the mar-

riage, the parties had executed to their children—with reservation of a life estate to themselves—deeds to the farm land conveyed to them by the grandparents. Two days after their separation, the deeds were recorded by the husband without the knowledge of the wife.

The petition for dissolution pleaded, among other claims, an action to set aside the delivery of the deeds and recordation for fraud. The relief sought was that "fee simple title be invested in the parties with the right of survivorship." There was no evidence from any source that the recordation of the deeds to the children had been fraudulent. In any event, since the children grantees were not parties to the action, the court deemed the necessary parties for such a determination were not before the court and refused adjudication. [It happens, we are told on oral argument, that since, the recordation has been set aside in a separate action.]

The theory of the contested litigation was merely that the title to the farm land conveyed to the parties by the grandparents was a gift to both of them, and so the recordation of the deeds to the children of the land by the husband alone without assent of the wife, was in fraud of her rights. The court properly found it was without jurisdiction to bind the children-grantees not joined in the action to a judgment. That issue, in any event, has since been adjudicated in favor of the wife. The theory on appeal asserts a different issue: that the trial court should have determined that the conveyance from the grandparents was a gift to her alone, and so should have vested title in her solely. No such claim appears from the petition or evidence; no such issue was adjudicated. It was not litigated and may not be appealed.

There is no doubt that the trial court correctly adjudicated the issue presented. The conveyance from the grandparents to Ray A. Elmore, and Vivian R. Elmore, then husband and wife, presumptively created an estate by the entireties. *Holt v. Myers,* 494 S.W.2d 430, 444[18, 19] (Mo.App.1973).

There was no evidence to contradict the presumption that the conveyance given in the joint names of the husband and wife was intended for them both in that status. In the absence of ambiguity, the intention of the grantors must be determined by what the deed actually says, not what they might have said had they undertaken to explain their intentions. *Wolf v. Miravalle,* 372 S.W.2d 28, 34[4, 5] (Mo.1963).

The petition of the wife concedes the conveyance was to both parties and that both parties executed deeds of the land to their children. There was simply no evidence from any source as to the intention of the transaction other than the document of conveyance itself.

The judgment treats the farm land as property acquired subsequent to the marriage by gift, and therefore exempt from the definition of *marital property* under § 452.330.2(1). There is no contention here that a gift to a husband and wife *jointly* excludes the operation of that exemption for purposes of division of marital property.

The judgment is affirmed.

All concur.