**Charline M. FORSYTHE, Respondent,**

v.

**Arthur J. FORSYTHE, Appellant.**

**No. KCD 30300.**

Missouri Court of Appeals,
Western District.

Dec. 3, 1979.

P. Wayne Kuhlman, Liberty, for appellant.

Alvin D. Shapiro, Stinson, Mag & Fizzell, Kansas City, Conn Withers, Withers & Brant, Liberty, for respondent.

Before WASSERSTROM, C. J., and WELBORN and MURPHY, Special Judges.

WASSERSTROM, Chief Judge.

On the original hearing of this dissolution of marriage case, the circuit court entered a decree which provided among other things for division of property between the spouses. From that decree, the husband appealed. This court reversed on the ground that five acres of land deeded to the parties as husband and wife by the wife's parents and the proceeds therefrom were incorrectly treated by the trial court as separate property of the wife, rather than as marital property. *Forsythe v. Forsythe,* 558 S.W.2d 675 (Mo.App.1977). On remand, the circuit court held a new hearing and entered a new decree as to property division. The husband again appeals.

■ For his first point, the husband argues that the five acres and its proceeds should not have been treated as marital property, but rather should have been deemed a separate gift of one-half to each spouse. In support of that conclusion he cites *Elmore v. Elmore,* 557 S.W.2d 910 (Mo.App.1977). *Elmore* does not so hold.

In *Elmore* the wife's parents had made a gift of property to the spouses jointly. Our opinion in that case pointed out in passing that no contention had been made that the joint character of the gift excluded the operation of Section 452.330.2(1) (all statutory references are to RSMo 1978), which exempts a gift to "either party" from the definition of marital property.

The proposition upon which the husband now relies was therefore never raised by the parties nor ruled by the court in *Elmore.* That issue was, however, squarely raised and ruled by the opinion on the first appeal in this case which was decided some months after *Elmore.* No conflict exists between the *Elmore* decision and the one in this case on the first appeal. The decision on the first appeal herein has become the law of the case. The husband's attack upon that ruling, for which he successfully argued when he last appeared before us, totally lacks merit.

■ The husband argues as his second point that the property division by the trial court was unfair and unjust. The factors to be considered in the division of property upon dissolution of a marriage are set forth in Section 452.330. The weighing of those factors lies within the broad discretion of the trial court, which will be overturned only upon a showing of an abuse of discretion. *Hilger v. Hilger,* 570 S.W.2d 736 (Mo. App.1978); *In re Marriage of Badalamenti,* 566 S.W.2d 229 (Mo.App.1978); *Hebron v. Hebron,* 566 S.W.2d 829 (Mo.App.1978).

■ The record has been fully reviewed and shows that the decree is supported by substantial evidence. The trial court did not improperly state or apply the law, and we are not left with a firm feeling that a wrong result has been reached. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). An extended opinion on this point would have no precedential value and this point is therefore ruled against the husband under Rule 84.16(b).

■ For his third point the husband complains of the allowance against him of attorney's fees and costs on this appeal. He admits that "the allowance of attorney's fees is within the discretion of the Court whose discretion thereon will not be disturbed except for an abuse thereof." He argues nevertheless that the wife has received a substantial amount of property under the court decree and that she is therefore well able to pay her own attorney's fees and costs. However, the wife's need is only one factor to be considered in this respect, and we cannot say upon the evidence in this case that the trial court abused its discretion. *Butcher v. Butcher,* 544 S.W.2d 249, 257 (Mo.App.1977); *Hahn v. Hahn,* 569 S.W.2d 775 (Mo.App.1978); *Hilger v. Hilger, supra.*

Affirmed.

All concur.