**In re the MARRIAGE OF Alice F. SMITH, Appellant,**

**and**

**Clarence W. Smith, Respondent.**

**No. 11702.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 31, 1980.

Jay White, Rolla, for appellant.

Ronald J. Fuller, Rolla, for respondent.

BILLINGS, Judge.

Appeal by the wife of the marital property distribution of the parties in a dissolution proceeding. The wife contends the trial court's division was not just and equitable and was an abuse of discretion. We affirm.

The wife was awarded various household goods and appliances valued at $1,525 and $500 cash. The husband was awarded the house and land (which he had originally purchased) together with some household goods and livestock, all valued at $15,945. The wife also received certain other personalty as her separate property.

Section 452.330, RSMo 1978 sets forth various factors to be considered in making a division of marital property in a dissolution proceeding and the decision of the trial court will be overturned only upon a showing of an abuse of discretion. *Forsythe v. Forsythe*, 591 S.W.2d 222 (Mo.App.1979).

"[N]o positive command of parity in the division of marital property is to be found in Section 452.330. [Citations omitted]. The positive command of [that section] is a 'just' division of marital property as measured by the four guidelines laid down therein and all other 'relevant factors'." D___ L___ L___ v. M___ O___ L___, 574 S.W.2d 481 (Mo.App.1978).

The difference in the assets awarded each party is attributable to the real property awarded to the husband. The house and accompanying acreage is valued at $15,000 and was purchased by the husband in the mid-1940's. The parties married in 1970, after living together for approximately 8 years, and shortly thereafter the house burned down. The parties rebuilt it. The wife did contribute some money (which, amidst some confusion she valued at $900–1,000) and labor, but the trial court was free to find that the bulk of the material for the house came from cabins and scrap lumber the husband purchased. The deed to the land was transferred to the parties by the husband some time after the house was rebuilt.

Another factor is "the conduct of the parties during the marriage." There was ample evidence of the wife's marital misconduct which need not be reproduced here.

The appellant-wife has the burden to show that the trial court's order was not supported by substantial evidence, was against the weight of the evidence, or erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). That burden has not been met. The judgment is affirmed.

All concur.